THE STATE OF OHIO, APPELLANT, *v.* SUCHOMSKI, APPELLEE.

[Cite as State *v.* Suchomski (1991), 58 Ohio St. 3d 74.]

(No. 89-2131—Submitted December 12, 1990—Decided March 13, 1991.)

*Steven C. LaTourette,* prosecuting attorney, and *Ariana E. Tarighati,* for appellant.

*Charles R. Grieshammer,* assistant public defender, for appellee.

DOUGLAS, J. The issue presented by this appeal is whether the indictment sufficiently charges a criminal offense.

The applicable statute in this case is former R.C. 2919.25, which provided in relevant part that:

"(A) No person shall knowingly cause or attempt to cause physical harm to a *family or household member*.

"* * *

"(E) As used in this section * * * of the Revised Code:

"(1) 'Family or household member' means * * * *a child* * * * who is residing or has resided with the offender." (Emphasis added.) 142 Ohio Laws, Part I, 36-37.

The elements of the crime of domestic violence (R.C. 2919.25[A]) are that a charged defendant must have knowingly caused, or attempted to cause, physical harm to a family or household member.

R.C. 2901.01(C) provides that:

"'Physical harm to persons' means *any injury,* illness, or other physiological impairment, regardless of its gravity or duration." (Emphasis added.)

Appellant contends that appellee's conduct, as set forth in the indictment, constitutes a chargeable criminal offense of domestic violence pursuant to the terms of R.C. 2919.25(A). We agree and, accordingly, reverse the judgment of the court of appeals.

Herein, appellee was indicted for knowingly causing or attempting to cause physical harm to his child. Appellee's conduct as charged in the indictment clearly constitutes a violation of R.C. 2919.25(A), and the indictment apprises him of each and every element of the offense. Therefore, the indictment was not defective and should not have been dismissed.

Appellee argues that if he can be

charged pursuant to R.C. 2919.25(A), it effectively prohibits him from using corporal punishment to discipline his child. Appellee contends that the General Assembly, in enacting R.C. 2919.22,[1] recognized the right of a parent to administer reasonable corporal punishment so long as *serious* physical harm to the child does not result. Thus, according to appellee, there is a conflict between R.C. 2919.25 and 2919.22. We do not agree.

Nothing in R.C. 2919.25(A) prevents a parent from properly disciplining his or her child. The only prohibition is that a parent may not cause "physical harm" as that term is defined in R.C. 2901.01(C). "Physical harm" is defined as "any injury[.]" "Injury" is defined in Black's Law Dictionary (6 Ed. 1990) 785, as "* * * [t]he invasion of any *legally protected interest* of another." (Emphasis added.) A child does not have any legally protected interest which is invaded by proper and reasonable parental discipline.

While appellee denies the assertions of the state, the only facts presently before us are those contained in appellant's memorandum in opposition to appellee's motion to dismiss the indictment. Appellant contends that:

"* * * [Appellee] came home intoxicated after his wife and two children had fallen asleep. The children were pulled out of bed by * * * [appellee], who threatened to beat them all. Eight year old Matthew was ordered to stand at attention while * * * [appellee] punched him in the stomach with his fist. Matthew was consecutively pushed to the ground and then ordered to stand at attention seven times. * * * [Appellee's] wife and daughter left the room. * * * [Appellee] slammed the door shut and repeatedly pounded Matthew's head against the wall. * * * [Appellee's] wife was able to grab the child, clad only in his underwear, and run to a neighbor's house. According to * * * [appellee's] wife, Matthew's lip was bloody. * * *"

We find the foregoing to be sufficient to meet all the elements of an R.C. 2919.25(A) charge for domestic violence. Therefore, the indictment should not have been dismissed. The judgment of the court of appeals is reversed and the indictment is reinstated.

*Judgment reversed.*

MOYER, C.J., HOLMES, H. BROWN and RESNICK, JJ., concur.

SWEENEY and WRIGHT, JJ., dissent.

---

[1] R.C. 2919.22 provides, in pertinent part, that:

"(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

"(1) Abuse the child;

"(2) Torture or cruelly abuse the child;

"(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of *serious* physical harm to the child[.]" (Emphasis added.)