The STATE of Ohio, Appellee,

v.

HAUENSTEIN, Appellant.

[Cite as *State v. Hauenstein* (1997), 121 Ohio App.3d 511.]

Court of Appeals of Ohio,
Third District, Putnam County.

No. 12–97–2.

Decided July 16, 1997.

512

*Kurt W. Sahloff,* for appellant.

*Daniel Gershutz,* Putnam County Prosecuting Attorney, and *Gary L. Lammers,* Assistant Prosecuting Attorney, for appellee.

---

SHAW, Judge.

This matter is on appeal from a decision of the Putnam County Court, Ottawa, Ohio, in which defendant-appellant, Donald Hauenstein, was found guilty of disorderly conduct in violation of R.C. 2917.11(A)(1), a minor misdemeanor.

A domestic violence charge was filed against defendant after a September 22, 1996 incident between defendant and his seventeen-year-old daughter, Kimberly. Kimberly was visiting for the weekend, and refused defendant's request that she accompany him to her great-grandmother's birthday party. As punishment for her conduct, defendant withdrew Kimberly's driving privileges with respect to a 1997 Mercury Tracer and confiscated the car keys. Although this car was considered Kimberly's, defendant had purchased and made the payments on the vehicle, and the title was in the name of Kimberly's mother.

Unhappy with the punishment meted out by her father, Kimberly took the keys belonging to defendant's vehicle, a Ford Mustang, and demanded that defendant exchange keys with her. Defendant refused, and regained his keys by twisting

Kimberly's arm behind her back and prying the keys from her hand. Kimberly swore at her father, who responded by slapping her in the face several times with an open hand.

Kimberly continued to swear at defendant. She also threatened to have someone bring her an extra set of keys to the Tracer and to crash defendant's other car, a Ford Bronco II. Because of these threats, defendant proceeded outside to disable those vehicles. Kimberly followed defendant outside, still threatening and pushing defendant while he removed spark plug and distributor wires from the vehicles. As defendant placed the wires in his Mustang, the vehicle he intended to drive, Kimberly took the wires. Since Kimberly refused to return the wires, defendant again twisted her arm behind her back and retrieved the car parts.

Thereafter, defendant reentered his residence. He unsuccessfully tried to call Kimberly's mother. Kimberly maintained the demands for the keys to the Tracer and again took defendant's keys to the Mustang. A struggle for control of the Mustang car keys occurred, and Kimberly had her arm twisted a third time. At one point, defendant sat on Kimberly, attempting to spank her. Kimberly told him that the spanking did not hurt. Finally, defendant obtained his keys, and he attempted to leave the premises to attend the birthday party. At this point, Kimberly blocked the door with her body. In response, defendant pushed Kimberly's head into her chest and departed through another exit, with Kimberly chasing after him.

After defendant's departure, Kimberly remained in the house alone and called her grandmother. Subsequently, the Putnam County Sheriff's Office was summoned. Investigation of this matter as a domestic violence incident ensued.

After a scheduled pretrial conference, the domestic violence complaint was amended to the lesser charge of disorderly conduct as a minor misdemeanor. A bench trial was held on December 3, 1996, wherein defendant was found guilty. From this judgment, defendant appeals.

The following assignments of error are presented for review on this matter:

"I. The trial court erred in finding Appellant guilty of disorderly conduct in violation of Ohio Revised Code 2917.11(a)(1), when the evidence introduced at trial was insufficient to support a conviction.

"II. The trial court erred in failing to grant Defendant's motion for judgment of acquittal when the evidence introduced at trial was insufficient to sustain a conviction.

"III. The trial court erred in finding Appellant guilty of disorderly conduct in violation of Ohio Revised Code 2917.11(a)(1) as the judgment is against the manifest weight of the evidence.

"IV. The trial court erred when failing to consider the affirmative defenses of self-defense, and parental discipline of a minor child."

Our review of this matter will begin with defendant's second and first assignments of error. Defendant maintains that the trial court improperly refused to grant defendant's motion for acquittal. Further, he states that the trial court's judgment was based on insufficient evidence presented by the state. Due to the similarity of these issues, they will be addressed together.

A motion for acquittal made at the close of the evidence is governed by Crim.R. 29(A). The rule states:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

The standard applied by a trial court when determining whether to grant a Crim.R. 29 motion is provided by *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus, which states:

"[A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

When a trial court's Crim.R. 29 ruling is questioned on appeal, the reviewing court is asked to determine whether the state's evidence, if believed, was sufficient to establish beyond a reasonable doubt that defendant was guilty. For this, the standard of review is that articulated in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

The statute under which defendant was convicted states:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."

█ In this case, while on cross-examination, defendant readily admitted that he and his daughter were fighting, and that he had engaged in turbulent and violent behavior. Given this admission, together with the remaining evidence recited earlier, a rational trier of fact could find that the essential elements of the crime of disorderly conduct were proven beyond a reasonable doubt and that the state met its required burden. Therefore, when the trial court denied defendant's Crim.R. 29 motion and based defendant's conviction on the evidence presented by the state, no error occurred. Defendant's first two assignments of error are overruled.

We next turn to the fourth assignment of error. The thrust of this argument is that since the altercation which resulted in the charged offense was between defendant and his daughter, the affirmative defense of parental discipline may be raised. Further, defendant asserts that he produced sufficient evidence at trial to maintain his burden of proof.

According to the Revised Code, an affirmative defense is one "involving an excuse or justification particularly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence." R.C. 2901.05(C)(2). As stated by R.C. 2901.05(A), "[t]he burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused."

█ The Supreme Court of Ohio has recognized that a parent does have a right to administer corporal punishment as a method of discipline. In *State v. Suchomski* (1991), 58 Ohio St.3d 74, 75, 567 N.E.2d 1304, 1305, the Supreme Court stated that a parent is not prohibited from disciplining his or her child. Rather:

"The only prohibition is that a parent may not cause 'physical harm' as that term is defined in R.C. 2901.01(C). 'Physical harm' is defined as 'any injury[.]' 'Injury' is defined in Black's Law Dictionary (6 Ed.1990) 785, as ' * * * [t]he invasion of any *legally protected interest* of another.' (Emphasis added.) A child does not have any legally protected interest which is invaded by proper and reasonable parental discipline."

█ "Proper" has been defined as "suitable or appropriate" and "reasonable" defined as "not extreme or excessive." *State v. Hicks* (1993), 88 Ohio App.3d 515, 520, 624 N.E.2d 332, 335. Furthermore, the Supreme Court identified this right of proper and reasonable parental discipline as an affirmative defense available to a parent faced with possible conviction for actions incurred while disciplining a child. See *Suchomski, supra; State v. Hart* (1996), 110 Ohio App.3d 250, 253, 254, 673 N.E.2d 992, 993–994, 994–995, fn. 2; *Hicks, supra.*

■ In this case, defendant presented evidence of his discipline attempts, which ultimately resulted in corporal punishment. First, defendant testified that he felt that the punishment of grounding Kimberly from use of the vehicle was a fair response to her refusal to attend a family function of which she had advance notice. He also said that he felt that the punishment was reasonable and believed that his subsequent actions were to ensure that the grounding occurred. Second, defendant stated that the physical contact of arm twisting, spanking, and pushing was in reaction to his daughter's repeated attempts to defy his punishment. Although he did admit that his behavior was turbulent or violent, and that he and Kimberly were fighting, defendant also testified that this conduct was not initiated by him. Finally, because defendant's testimony was consistent with that given by his daughter, who testified for the state, the retelling of the events and emotions exhibited by the parties in this incident have a high degree of credibility and reliability.

Given the circumstances presented in this case, we agree that defendant's conduct was not drastic or severe. Specifically, we find that the discipline meted out by defendant fell within the established parameters of "proper and reasonable parental discipline." Accordingly, defendant's fourth assignment of error is sustained.

■ Turning to the final assignment of error, defendant maintains that the disorderly conduct conviction was against the manifest weight of the evidence. Once again, because we are reviewing the sufficiency of evidence, the standard we are to apply is set forth in *Jenks, supra.* In view of this review standard and our resolution of the fourth assignment of error, we cannot say that the conviction was consistent with the evidence presented. Defendant testified as to his reasoning behind the attempted discipline strategies applied to his daughter. Further, this testimony was corroborated by his daughter's testimony. Finally, we frankly note our concern as to whether a charge of disorderly conduct would ever be appropriate in the context of a parent-child domestic violence situation. In any event, for all of these reasons, it is our conclusion that the conviction is against the manifest weight of the evidence, considering the totality of the circumstances in this case. Accordingly, defendant's third assignment of error is sustained.

In sum, the first and second assignments of error presented by defendant are overruled. However, the third and fourth assignments of error are sustained. Accordingly, the judgment of the judgment of the Putnam County Court is reversed and vacated.

*Judgment reversed*
*and vacated.*

THOMAS F. BRYANT, J., concurs.

HADLEY, J., dissents in part.

HADLEY, Judge, dissenting in part.

The majority has overruled the second assignment of error finding that the trial court was correct in failing to grant defendant's motion for judgment of acquittal when the evidence introduced at trial was insufficient to sustain a conviction, yet concludes that the conviction was against the manifest weight of the evidence. In doing so, the majority improvidently substitutes its own evaluation of the trial evidence for that of the trial court as the trier of fact.

Additionally, the majority notes its "concern as to whether a charge of disorderly conduct would ever be appropriate in the context of a parent-child domestic violence situation."

I cannot concur with either position taken by the majority and thus dissent from its opinion for these reasons only.