This appeal is taken by defendant-appellant David Esparza from the judgment of the Court of Common Pleas of Defiance County finding him guilty of one count of felonious assault and one count of domestic violence.
On December 5, 1997, Mrs. Rangel placed a 911 call claiming that her son-in-law was chasing her daughter, Mary Esparza, and her grandsons, Ryan and Damien, with a knife. This report was made based upon what Ryan and Damien had told her. The police arrived within five minutes.
At the Esparza home, the police arrested David and took a knife from the counter as evidence. The police claim that Mary indicated the knife as the one David had used, though Mary denies doing so. Damien and Ryan went to the police station and wrote out statements that David had struck Damien with his fist and threatened both of them with a knife. Mary refused to cooperate with the police.
On January 12, 1998, David was indicted on two counts of felonious assault, one for each of the boys, and one count of domestic violence for striking Damien. Both boys testified before the grand jury, though they both indicated that they did not do so willingly. Later, the boys asked the State to drop the charges and admitted to exaggerating their stories.
On July 6 and 7, 1998, a trial was held. The jury found David not guilty of the felonious assault on Damien, but guilty of the domestic violence charge and the felonious assault on Ryan. The trial court sentenced David to eight years for the felonious assault and one year for the domestic violence, with the terms to be served consecutively.
David claims the following assignments of error.
 The trial court erred in refusing to give the proffered instruction on parental discipline relative to Count II in which David was charged with domestic violence for striking his son Damien in the face with his hand.
 It was plain error for the trial court to allow the state to play the 911 tape as an excited utterance to the hearsay rule where the principle speaker on that tape, Mrs. Rangel, had witnessed nothing that she was relating.
 David was prevented from having a fair trial by the statement of Officer Williamson contained on page 254 of the transcript, to with: "She just doesn't want him to go back to prison" and by the statement of Mrs. Rangel on the 911 tape that "He just got out of jail" and the transcript thereof.
 The jury verdict is against the manifest weight of the evidence.
 The trial court erred in permitting the State to impeach Damien and Ryan Esparza with their grand jury testimony where the State did not and could not show surprise as required by Evidence Rule 607.
 The verdict as to count III is against the manifest weight of the evidence where there is no substantive evidence that David ever had the knife that was admitted in evidence.
 The prosecutor breached his duty to protect David Esparza's right to a fair trial by his coercion of complaining witnesses.
In the first assignment of error, David claims that he was entitled to an instruction on parental discipline. The Ohio Supreme Court has held that the domestic violence statute does not interfere with a parent's right to administer corporal punishment. State v. Hauenstein (1997), 121 Ohio App.3d 511,700 N.E.2d 378. The court stated that a child does not have any legally protected interest which is invaded by proper and reasonable parental discipline. Id. Thus, proper and reasonable parental discipline can be employed as an affirmative defense to a charge of domestic violence. State v. Hart (April 3, 1996), Defiance App. No. 4-95-19, unreported.
When a claim of parental discipline is raised, the following jury instructions may be given.
 The defendant has asserted an affirmative defense that he was engaged in properly disciplining his child at the time alleged. Nothing in the domestic violence statute prevents a parent from properly disciplining his child. If you find by a preponderance of the evidence that the defendant was engaged in proper and reasonable parental discipline at the time, then you shall find the defendant not guilty.
 "Proper" for purposes of this defense, means suitable or appropriate.
 "Reasonable" for purposes of this defense, means not extreme or excessive.
State v. Hicks (1993), 88 Ohio App.3d 515, 624 N.E.2d 332. David requested that this instruction be given.
In this case, Damien, the victim of the domestic violence, testified that he and his father had been arguing when his father struck him. He further stated that David hit him with the back of his hand, though he did not know if it was a fist or an open hand. Ryan then testified that he saw his father strike Damien and that it was done with an open hand. Ryan claimed that Damien and David were fighting over the boys' failure to pick up after themselves and that the argument had been continuing for several days. Ryan also testified that the strike was like one that a father would do to discipline his son. Finally, Mary testified that David had been telling the boys to clean up after themselves for over a week with no success. This had led to a series of arguments between David and the boys. Given this testimony, the question of whether the blow was for the purpose of parental discipline was raised. The question of whether the discipline was reasonable and proper was one for the jury. Therefore, the jury should have been given the instruction on parental discipline. The first assignment of error is sustained.
The second assignment of error claims that the trial court erred by admitting the 911 tape. The 911 tape primarily consisted of the statements by Mrs. Rangel about what Damien and Ryan had told her. This is not an excited utterance or a present sense impression because Mrs. Rangel did not witness the event. Instead, Mrs. Rangel was merely repeating what she had been told. However, no objection was raised to the introduction of these statements. To be reviewable, the error would have to affect a substantial right of the defendant so adversely as to undermine the fairness of the guilt determining process. State v. Swanson (1984), 16 Ohio App.3d 375,476 N.E.2d 672. We cannot say that the admission of the tape undermined the process of the jury. Thus, the error does not rise to the level of plain error and the second assignment of error is overruled.
In the third assignment of error, David claims that the statements that he had previously been in jail so prejudiced the jury that he was denied a fair trial. Once again the statements came in without objection by defense counsel. The first statement was made by Mrs. Rangel on the 911 tape when she told the operator that David had just got out of jail. The second statement was made on cross-examination when the following conversation took place.
 Mr. Molitierno: Okay. Does that indicate to you that she is not afraid of him if she says I don't need a protective order?
 Officer Williamson: Can't answer that. You can be afraid of somebody and still do that.
 Q: Right, or it could just be an indication she isn't afraid of him?
 A: She can be afraid of him. She just doesn't want him to go back to prison.
No motion to strike the answer as non-responsive was made. Without an objection, these statements must be reviewed under the plain error standard discussed above. We do not find that the admission of these statements so adversely affected the trial as to undermine the fairness. Therefore, the third assignment of error is overruled.
The fourth and sixth assignments of error argue that the verdict was against the manifest weight of the evidence. Although the boys testified that they were not sure David had a knife and that they did not believe he intended to cause them physical harm, they also admitted that they had made prior statements contradicting this testimony. The boys admitted that they had earlier told the police and testified before the grand jury that David entered the bedroom carrying a knife and threatening to kill them. Ryan also testified that David could have been swinging the knife at him when he went out the window. Officer Williamson testified that the knife admitted was the one he found at the scene. He also testified that Mary, Damien, and Ryan, had all identified the knife as the weapon used by David. If the earlier statements of the boys rather than their subsequent testimony were believed, a reasonable person could conclude beyond a reasonable doubt that David committed the felonious assault against Ryan with the knife presented at the trial.
On the charge for domestic violence against Damien, both Damien and Ryan testified that David had struck Damien. Although the question of parental discipline is raised, the jury could reasonably conclude that David was guilty of domestic violence against Damien. Thus, the fourth assignment of error is overruled.
The fifth assignment of error claims that the State improperly impeached its own witnesses. The State called Ryan and Damien to the stand based upon their earlier statements to the police and their grand jury testimony. When Ryan and Damien took the stand, their testimony differed drastically from their earlier statements. Ryan and Damien both stated that they left the house because they were angry, not because they were afraid. They also testified that they did not know if David had a knife and that they had exaggerated their earlier statements because they were angry. At no time did Ryan and Damien testify that they had told the prosecutor that their respective testimony would differ from that given to the grand jury. Additionally, defense counsel failed to object to the State's reference to the grand jury testimony to impeach the witnesses. Finally, the transcribed grand jury testimony was not offered or received as evidence. The State merely questioned the boys about what they had told the police and then the grand jury. Based upon the evidence in the record, the trial court did not abuse its discretion by permitting the State to treat the boys as hostile witnesses and impeach their trial testimony with their prior inconsistent statements to the police and the grand jury. The fifth assignment of error is overruled.
In the seventh assignment of error, David claims that the State denied him a fair trial by coercing the boys into not changing their statements. The record does not indicate any attempt by the State to coerce Damien and Ryan with respect to their testimony. Both boys testified that the prosecutor did not threaten them. Additionally, both boys did change their stories before the jury. Therefore, we find no error and the seventh assignment of error is overruled.
The judgment of the Court of common Pleas of Defiance County convicting David of domestic violence is reversed and remanded for further proceedings. The judgment of conviction is affirmed in all other aspects.
Judgment reversed in part and affirmed in part and causeremanded.
HADLEY and WALTERS, JJ., concur.