OPINION
The issue presented by this case is whether a parent who physically disciplines his unruly child should have been convicted of domestic violence.
The facts are not greatly in dispute. Defendant, David Hause, is the father of three children: James Hause, who was seventeen years of age when the following events took place; Nicole, who was then fourteen; and Jonathan, who was then age six or seven. David Hause was divorced from their mother and had custody of all three children. They resided in a mobile home in Miamisburg, along with the father's fiancé', Amy Rieger.
James Hause dropped out of school in the eighth grade. He and his father had a difficult relationship. James had once threatened his father with a pair of hedge trimmers and had also threatened to kill his father when he was disciplined. On several occasions, James had minor scrapes with law enforcement authorities.
On December 8, 1997, James returned home late in the evening. He and Nicole argued over blankets that Nicole had taken from James' bed. David Hause came out of his bedroom and told them to stop fighting and ordered James to go to bed. Unhappy with these events, James took a telephone from the bedroom occupied by his father and Amy Rieger and called his mother. Hearing their conversation, David Hause told James to hang up the phone and return it to the bedroom. James refused, and after several fruitless requests and a heated exchange of words David Hause struck his son in the face. James claims that his father struck him with a closed fist. David Hause states that it was with his open hand.
David Hause ordered James out of the house. James went to the nearby home of his girlfriend. James again telephoned his mother, who then drove to pick him up and took him home to confront his father. Meanwhile, concerned about his son, David Hause telephoned the Miami Township Police Department. Detective Matthew Moore responded to the call. After hearing the events as described by both father and son, Detective Moore charged David Hause with Domestic Violence and placed him under arrest.
At trial, testimony was offered by the State and the defense which portrayed the foregoing events leading to David Hause's arrest. Other than David Hause's claim that he struck James after he yelled, "F___ you, dad, I don't have to do a damn thing," (T. 46), which James denied (T. 14), the facts presented were generally consistent. The major difference was over whether David Hause struck his son on the face with a closed fist or open hand. There was little disagreement about the resulting injury. James claimed that the blow left a "red mark." (T. 8). Nicole said the same. (T. 25). Detective Moore saw a "red area" on James' cheek. (T. 37).
The trial was to the court, which by subsequent written decision found David Hause guilty of Domestic Violence, R.C.2919.25(A), and entered a judgment of conviction. Hause was sentenced pursuant to law and filed a timely notice of appeal. He presents a single assignment of error, which states: DISCISION OF THE TRIAL COURT FINDING THE DEFENDANT GUILTY OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
"Weight" of the evidence concerns "the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other" . . . "Weight is not a question of mathematics, but depends on its effect ininducing belief. " State v. Thompkins (1997), 78 Ohio St.3d 380,387. (Emphasis in the original.)
When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " `thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs,457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.[1]
See, also, State v. Martin (1983), 20 Ohio App.3d 172,175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
Id.
A weight of the evidence reversal can occur only after the state has introduced evidence which is legally sufficient to support a conviction and has obtained one. "The reversal simply affords the defendant a second opportunity to seek a favorable judgment." Id., at 388.
David Hause was convicted of violating R.C. 2919.25(A), which provides:
No person shall knowingly cause or attempt to cause physical harm to a family or household member.
"Physical harm" means any injury, illness, or other psychological impairment, regardless of its gravity or duration." R.C. 2901.01(A)3). To act knowingly is to act with an awareness that the actor's conduct, regardless of his purpose, will probably cause a certain result or be of a certain nature. R.C.2901.22(B).
In State v. Suchomski (1991), 58 Ohio St.3d 74, the Supreme Court explained that the physical injury involved in an R.C.2919.25(A) violation necessarily implies an invasion of some legally protected interest of another. The Court then held: "A child does not have any legally protected interest which is invaded by proper and reasonable parental discipline." Id., at 75. On that basis, conduct which constitutes proper and reasonable parental discipline cannot form the basis of a violation of R.C. 2919.25(A), the resulting bodily injury notwithstanding. Of course, the nature of the particular injury inflicted, or which the actor attempts to inflict, may be evidence of a circumstantial nature showing that the actor's conduct was not proper and reasonable parental discipline.
Suchomski, supra, recognizes the right of parents to control and raise their own children by imposing reasonable physical discipline to prevent and punish the child's misconduct. The right of a parent to manage the rearing of a child is a fundamental liberty interest. Santosky v. Kramer (1982),455 U.S. 745. Indeed, that parental right is among those inalienable
rights secured by natural law which Article I, Section 1 of the Ohio Constitution was intended to protect from infringement by the police power of the state. Nevertheless, the state has legitimate interests in the protection and safety of children and in the reporting of child abuse, which it may employ its police power to enforce. The parental right and the state's interest are in a delicate balance. In alleged domestic violence cases such as this, the essential question is which set of interests is more directly and specifically involved.
Whether any given conduct is reasonable is a question that must be determined with reference to all the relevant facts and circumstances. Here, the evidence does not support a conclusion that David Hause acted maliciously or recklessly when he struck his son, or that the blow created a risk of death, serious injury, or substantial pain. Indeed, by all accounts it had little residual effect.
The Defendant's conduct was provoked by his son's adamant and repeated refusals to follow a direction that was reasonable under the circumstances, refusals that disrupted the peace and quiet of the family home at the bedtime hour. The encounter must be weighed in the context of the son's past misconduct, as well as the bad example it gave to the two younger children who were present.
With respect to the state's interest in preventing acts of this kind between parent and child, or reporting them, there is little if any basis to find that a strong interest exists. The need for early intervention to prevent further such harm is negligible. The particular conduct involved remains a private matter, not one in which the state's intrusion is necessry to produce a beneficial result.
Considering all the facts and circumstances, we are convinced that the Defendant's act of striking his son on the face constituted proper and reasonable parental discipline. Therefore, it cannot support a verdict that he is guilty of Domestic Violence, in violation of R.C. 2919.25(A).
The assignment of error is sustained. The Defendant's conviction will be reversed and the case will be remanded for a new trial.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Ronald Fobes, Esq.
Douglas B. Gregg, Esq.
Hon. Robert E. Messham, Jr.
[1] Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211,72 L.Ed.2d 652.