DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that dismissed appellant Sandra Lance-Sepesi's petition for a civil protection order after a full hearing on the petition. From that judgment, Lance-Sepesi raises the following assignment of error:
 {¶ 2} "The trial court abused its discretion and erred to the prejudice of appellant and her child by granting respondent's motion to dismiss, as appellant had presented a prima facie case establishing an act of domestic violence, and the court's reasoning for granting the motion was erroneous as a matter of law and against the manifest weight of the evidence."
 {¶ 3} The relevant facts of this case are as follows. Appellant is the former wife of Richard Goris. Appellant and Richard share custody of their daughter Chelsea, who lives with Richard and his current wife, appellee Cindy Goris, during the school year. On February 20, 2002, Chelsea was at a therapy session with Joan Saldana, a clinical social worker, when she complained that her chest hurt. Saldana then noticed a bruise on Chelsea's chest. Chelsea told Saldana that several days earlier while at her father's house she was sitting on her feet on a chair at a computer desk. A rule of her father's is that she not sit on her feet in a chair. Cindy Goris then tipped the chair forward forcing Chelsea from the chair. Chelsea then again sat on her feet in the chair. Cindy responded by again tipping the chair forward forcing Chelsea out of the chair. This time, however, Chelsea's head and chest hit the table, causing the bruise.
 {¶ 4} When appellant picked Chelsea up from the counseling session, Saldana recommended that she seek medical treatment for Chelsea. Appellant then took Chelsea to the hospital, where Chelsea relayed the same story to a doctor and to Officer Richard Luman of the Wood County Sheriff's Department. Saldana subsequently reported the incident to Child Protective Services. The record does not reveal what action if any Child Protective Services took on the matter. The medical records from Chelsea's hospital visit reveal that she was diagnosed with a contusion of the chest wall. Chelsea was instructed to take Tylenol or Motrin for pain and was released.
 {¶ 5} On February 21, 2002, appellant filed a petition in the court below for a domestic violence civil protection order ("CPO") against Cindy Goris. Appellant filed the petition on behalf of Chelsea and requested an ex parte emergency protection order pursuant to R.C.3113.31(D) and (E). In an ex parte hearing of the same day, appellant and Chelsea appeared before the court. Appellant was the only witness to testify. Appellant stated that Chelsea told her she was afraid to return to her father's and stepmother's home because she was afraid that her father would yell at her and that her stepmother may do something else to her. Appellant then asked the court to place Chelsea in her custody until further arrangements could be made. The court denied the request, but notified appellant that she was entitled to a full hearing on the matter with appellee and Mr. Goris present.
 {¶ 6} On March 13, 2002, appellant filed a motion for a full hearing on her petition pursuant to R.C. 3113.31(D)(3). The hearing was subsequently held at which appellant, Joan Saldana and Officer Richard Luman testified. Appellant's testimony was consistent with that given at the ex parte hearing. Officer Luman testified that on February 20, 2002, he received a report from the Wood County Hospital of possible child abuse. He then went to the hospital and interviewed Chelsea. Officer Luman testified that Chelsea told him what had happened to her, appeared to speak spontaneously and did not appear to be coached or rehearsed in any way. Finally, Joan Saldana testified as to her treatment of Chelsea. Saldana stated that she had treated Chelsea on and off since February 2001, that since that time Chelsea has reported several incidents during which her father and/or stepmother had disciplined her by pulling her down the stairs, slapping her behind or feet, and now this latest incident of dumping her off of the chair. Saldana testified that during her treatment of Chelsea, she had consulted with Richard Goris, who denied that Chelsea was ever pulled down the stairs or dumped from a chair. Saldana further testified that in her professional opinion, the chair incident had caused Chelsea psychological harm in that it has damaged her sense of well-being and self esteem.
 {¶ 7} After appellant had presented her case, appellee moved to dismiss the petition on the ground that appellant had not sustained her burden of establishing domestic violence. The court granted the motion, finding that appellant had not established that appellee had intentionally or recklessly injured Chelsea or that there was an immediate or present danger of future domestic violence. In a decision and judgment entry of April 26, 2002, the court, consistent with its ruling at the hearing, denied the petition for a domestic violence CPO and dismissed the case. It is from that judgment that appellant now appeals.
 {¶ 8} In her sole assignment of error, appellant asserts that the trial court abused its discretion in dismissing her petition for a domestic violence CPO because appellant had presented a prima facie case of domestic violence.
 {¶ 9} In the proceedings below, the trial court denied appellant's petition and dismissed the case after appellant had presented her case in chief in a trial to the bench. Civ.R. 41(B)(2) permits a court to dismiss a case tried to the bench and reads: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party." Accordingly, in ruling on a Civ.R. 41(B)(2) motion to dismiss, the trial judge "actually determines whether the plaintiff proved the necessary facts by the necessary quantum of proof." Shutway v. Shutway (Feb. 10, 2000), Cuyahoga App. No. 76737, citing L.W. Shoemaker M.D., Inc. v.Connor (1992), 81 Ohio App.3d 748, and Central Motors Corp. v. PepperPike (1979), 63 Ohio App.2d 34. "Even if the plaintiff has presented a prima facie case, dismissal is still appropriate where the trial court determines that the necessary quantum of proof makes it clear that plaintiff will not prevail." Shutway, supra.
 {¶ 10} Upon appellate review of a Civ.R. 42(B)(2) dismissal, the trial court's decision will be set aside only if it is "erroneous as a matter of law or against the manifest weight of the evidence." Bank One,Dayton, N.A. v. Doughman (1988), 59 Ohio App.3d 60, 63.
 {¶ 11} The purpose of a domestic violence CPO issued pursuant to R.C. 3113.31 is to protect the petitioner or other household member from domestic violence. Thomas v. Thomas (1988), 44 Ohio App.3d 6, 7. Accordingly, "[w]hen granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus.
 {¶ 12} In dismissing appellant's petition below, the trial court found that appellee had at most performed a reasonable act of family discipline which had an unforeseen, accidental consequence of injury to Chelsea's chest. The court therefore concluded that appellant had not established an event of domestic violence as defined by R.C. 3113.31(A) and that Chelsea was not in any immediate or present danger of further domestic violence from appellee.
 {¶ 13} Initially, we must conclude that the trial court's finding that appellee had performed a "reasonable act of family discipline" was against the manifest weight of the evidence. Reasonable corporal punishment is a recognized affirmative defense to a charge of domestic violence. State v. Suchomski (1991), 58 Ohio St.3d 74. In the present case, however, appellee did not raise the affirmative defense of reasonable corporal punishment and never presented any evidence as to the reasonableness of the punishment. "`Whether any given conduct is reasonable is a question that must be determined with reference to all the relevant facts and circumstances.' State v. Hause (Aug. 6, 1999), Montgomery App. No. 17614 * * *. Relevant facts and circumstances include the child's age, the child's behavior that led to the parent's action, the child's response to noncorporal punishment, and the location and severity of the punishment. State v. Hart [(1996), 110 Ohio App.3d 250];State v. Howard (Dec. 3, 1999), Lake App. No. 98-L-265 * * *. To this list must be added the parent's state of mind while administering the discipline. State v. Hauenstein [(1997), 121 Ohio App.3d 511] * * *."State v. Jones (2000), 140 Ohio App.3d 422, 430. Accordingly, we must conclude that the trial court's finding that appellee had engaged in a reasonable act of family discipline was against the manifest weight of the evidence. Nevertheless, we further conclude that appellant failed to establish by a preponderance of the evidence that appellee had committed an act of domestic violence or that Chelsea was in danger of further domestic violence.
 {¶ 14} R.C. 3113.13(A) defines domestic violence as "one or more of the following acts against a family or household member: (a) Attempting to cause or recklessly causing bodily injury; (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code; (c) Committing any act with respect to a child that would result in the child being an abused child as defined in section2151.031 of the Revised Code." The court below first concluded that the injury to Chelsea's chest was accidental. Upon a review of the record, we cannot say that this finding was against the manifest weight of the evidence. When appellee first tipped the chair to force Chelsea from sitting on her feet, Chelsea was not harmed. Nothing in the record indicates that appellee, by tipping the chair a second time, intended to injure Chelsea. Moreover, we cannot say that appellee's actions amounted to recklessness. R.C. 2901.22(C) defines the culpable mental state for recklessness and reads: "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 15} Appellant further asserts, however, that Chelsea was an abused child as defined in R.C. 2151.031. Upon review of that statute and in light of the evidence presented at the hearing below, we cannot find that appellant established that Chelsea was an abused child by a preponderance of the evidence. The court concluded that Chelsea's injury was accidental and the record supports that conclusion.
 {¶ 16} We finally conclude that the record fails to support any finding that appellee by force or threat of force placed Chelsea in fear of imminent serious physical harm or that Chelsea was in danger of further domestic violence. Although appellant testified that Chelsea was afraid of her father and stepmother, there is nothing in the record to support a finding that appellee would intentionally or recklessly harm Chelsea or abuse her as defined by R.C. 2151.031.
 {¶ 17} Accordingly, the sole assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and concur.
Peter M. Handwork, P.J., dissents.