[Cite as *State v. Phillips*, 2014-Ohio-5322.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14-CA-003 |
| JENNIFER A. PHILLIPS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Holmes County Municipal Court, Case No. 13CRB327

JUDGMENT: Reversed, Vacated and Remanded

DATE OF JUDGMENT ENTRY: November 26, 2014

APPEARANCES:

For Plaintiff-Appellee

CHRISTINE WILLIAMS
Assistant Prosecuting Attorney
164 East Jackson Street
Millersburg, OH 44654

For Defendant-Appellant

JEFFREY KELLOGG
5 South Washington Street
Millersburg, OH 44654

*Gwin, P.J.*

{¶1}  Appellant Jennifer Phillips ["Phillips"] appeals her conviction and sentence for one count of child endangering in violation of R.C. 2919.22(A), a first-degree misdemeanor, following a bench trial in the Holmes County Municipal Court.

*Facts and Procedural History*

{¶2}  On August 1, 2013, Phillips along with her five children went to the Millersburg Wal-Mart so she could shop for groceries for her family. Upon entering the store, Phillips' children were being unruly. Her oldest son Riley, age 9, was encouraging the children to misbehave and ignore their mother's direction. Riley was also upset with his mother because she would not buy him an iTunes card for his iPod.

{¶3}  On August 1, 2013, Millersburg Police Captain Herman made contact with Wal-Mart security officer Bob Noll. Mr. Noll advised Captain Herman that several Walmart employees had witnessed a woman identified as Phillips grab her oldest son, Riley J. Phillips around the neck and upper torso area and walk him to the family's van. Mr. Noll further advised Captain Herman that there was a Wal-Mart video of the incident. Captain Herman watched the video, which showed Phillips put her arms around her child's neck and upper torso area and walk him a short distance to the family's van.

{¶4}  Captain Herman then made contact with Phillips inside the store. When asked what had occurred in the parking lot, Phillips told the officer that she was having trouble with her kids and her nine-year-old called her a "cunt, as well as other vulgar and abhorrent names. Phillips related that she then grabbed her son and took him to

her vehicle. Phillips' version of her hold on her child was that she put both of her arms under and not around his neck.

{¶5} Captain Herman took statements from four Wal-Mart employees who witnessed the event. Ultimately, Phillips was charged with the offense of Child Endangering, a misdemeanor of the first degree in violation of R.C. 2919.22(A). After a bench trial, the trial court found Phillips guilty and sentenced Phillips to serve 180 days in the Holmes County Jail. However, the jail time was suspended. Phillips was placed on probation for two years.

*Assignment of Error*

{¶6} Phillips raises one assignment of error,

{¶7} "I. THE TRIAL COURT ERRED BY CONVICTING THE DEFENDANT/APPELLANT WHEN THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE SUPPORTED ACQUITTAL."

*Analysis*

{¶8} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶68.

{¶9} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶10} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

\* \* \*

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶11} In the case at bar, Phillips was convicted of a misdemeanor Endangering Children. Ohio Revised Code 2919.22(A),

No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection or support.

{¶12} Although not stated in R.C. 2919.22, recklessness is the culpable mental state for the crime of child endangering. *State v. O'Brien*, 30 Ohio St.3d 122, 508 N.E.2d 144(1987); *State v. Conley*, 5th Dist. Perry No. 03-CA-18, 2005-Ohio-3257, ¶20. R.C. 2901.22(C) defines "recklessness,"

(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

**{¶13}** To satisfy the second element of a violation of R.C. 2919.22(A), recklessness must create a "substantial risk" to the health and safety of the child. "Substantial risk" means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist. 2901.01(A)(8).

**{¶14}** In *State v. Stewart*, 5th Dist. Stark No. 2007–CA–00068, 2007-Ohio-6177, this court noted:

R.C. 2919.22(A) is aimed at preventing acts of omission or neglect when the breach results in a substantial risk to the health or safety of a child. See, e.g., *State v. Sammons* (1979), 58 Ohio St.2d 460 [12 O.O.3d 384, 391 N.E.2d 713], *appeal dismissed* (1980), 444 U.S. 1008 [100 S.Ct. 655, 62 L.Ed.2d 637]; *State v. Kamel* (1984), 12 Ohio St.3d 306, 308 [12 OBR 378, 466 N.E.2d 860]; Committee comment to R.C. 2919.22.

Id., ¶59.

**{¶15}** Specifically, Phillips argues in the case at bar that the evidence did not support a conviction of R.C. 2919.22(A) because there was no evidence that she recklessly violated a duty of care, protection or support. We agree.

{¶16} "[P]arents have the right of restraint over their children and the duty of correcting and punishing them for misbehavior." *In re Schuerman*, 74 Ohio App.3d 528, 531, 599 N.E.2d 728(3rd Dist. 1991). Parents have the right to use reasonable physical discipline, or corporal punishment, to prevent and punish a child's misconduct. *State v. Hauenstein*, 121 Ohio App.3d 511, 516, 700 N.E.2d 378(3rd Dist. 1997), *citing State v. Suchomski*, 58 Ohio St.3d 74, 75, 567 N.E.2d 1304(1991). The right of parents to administer reasonable corporal punishment is deeply rooted in the history and traditions of this nation. *See State v. Hoover*, 5 Ohio App.3d 207, 211, 450 N.E.2d 710(6th Dist. 1982), *quoting Quinn v. Nolan*, 7 Dec.Rep. 585, 586, 1879 WL 6389(1879) ("From the time of Solomon to the present, parents have had the right, in a proper manner and to a proper degree, of inflicting corporal punishment upon their children * * *").

{¶17} We further note that Ohio law recognizes a parent's right to administer corporal punishment. Section 2919.22(B) of the Ohio Revised Code provides in relevant part,

> (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
>
> (1) Abuse the child;
>
> (2) Torture or cruelly abuse the child;
>
> (3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive

under the circumstances and creates a substantial risk of serious physical harm to the child;

(4) Repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development

\* \* \*

**{¶18}** In *State v. Suchomski*, the Supreme Court of Ohio found that prosecution under R.C. 2919.25(A) does not interfere with a parent's right to administer corporal punishment. The Supreme Court stated:

Nothing in R.C. 2919.25(A) prevents a parent from properly disciplining his or her child. The only prohibition is that a parent may not cause 'physical harm' as that term is defined in R.C. 2901.01(C). 'Physical harm' is defined as 'any injury [.]' 'Injury' is defined in Black's Law Dictionary (6th Ed. 1990) 785, as ' \* \* \* [t]he invasion of any legally protected interest of another.' (Emphasis added.) A child does not have any legally protected interest which is invaded by proper and reasonable parental discipline.

58 Ohio St.3d at 75, 567 N.E.2d at 1305. Accordingly, parental discipline is an affirmative defense to a charge of child endangering. *See, State v. Snell,* 5th Dist. Stark Nos. 2002CA00181, 2002CA00190, 2003-Ohio-975, ¶30.

**{¶19}** Whether parental discipline is "extreme or excessive" is determined in light of the totality of the circumstances. *State v. Hauenstein,* 121 Ohio App.3d at 516, *citing State v. Hart*, 110 Ohio App.3d 250, 256(3rd Dist. 1996). "In analyzing the totality of the

circumstances, a court should consider the following factors: (1) the child's age; (2) the child's behavior leading up to the discipline; (3) the child's response to prior non-corporal punishment; (4) the location and severity of the punishment; and (5) the parent's state of mind while administering the punishment." *State v. Luke*, 3rd Dist. Union No. 14-10-26, 2011-Ohio-4330, ¶ 22, *citing In re J.L.*, 176 Ohio App.3d 186, 199, 2008–Ohio–1488(3rd Dist.), ¶ 35, *citing Hart, supra*; *State v. Jones*, 140 Ohio App.3d 422, 430, 747 N.E.2d 891(8th Dist. 2000); *State v. Durbin*, 5th Dist. Holmes No. 13 CA 2, 2013-Ohio-5147, ¶26. This inquiry is necessary to protect and balance the competing interests involved in these cases—the parents' fundamental, inalienable right to raise and control their children and the state's legitimate interest in the protection and safety of children and in the reporting of child abuse. *In re Horton*, 10th Dist. No. 03AP–1181, 2004-Ohio-6249, ¶¶13–14, *citing State v. Hause*, 2nd Dist. Montgomery No. 17614, 1999 WL 959184(Aug. 6, 1999), at *6–7; *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

{¶20} In the present case, the trial judge failed to consider the reasonableness or propriety of the corporal punishment employed by Phillips, finding only that,

> They [the children] were running around. I mean there were stacks of merchandise at Wal-Mart. They could run into that. They could run into other areas and do harm to other people at Wal-Mart.

{¶21} The evidence, however, demonstrates that Phillips removed the children from the store for misbehaving. Upon their return to the store, the children were under control and were behaved. In the case at bar, the trial court simply found that the elements of R.C. 2919.25 had been proven by the state.

{¶22} However, the evidence presented in the record shows the child suffered no injuries. The record shows that the responding officer observed no bruising, red marks or any indicia of injury on the child. Further, the child was allowed to return to shopping with his mother and siblings.

{¶23} The evidence presented further establishes that the actions of Phillips were the imposition of corporal punishment by a mother who judged her son's conduct and language warranted a physical disciplinary response. Black's Law Dictionary (6th Ed.1990) 339, has defined "corporal punishment" as "physical punishment * * * any kind of punishment of or inflicted on the body." This definition would include extremities of the body such as the head, arms and legs. *State v. Rogers*, 44 Ohio App.2d 289, 290, 337 N.E.2d 791, 793(1st Dist. 1975).

{¶24} Accordingly, we find the state failed to prove by sufficient evidence that the type of discipline employed by Phillips resulted in physical harm or could result in a substantial risk of physical harm to the child.

{¶25} We further find the state further failed to prove that Phillips actions were reckless,

> Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Thompson,* 53 Ohio St.3d at 104–105, 559 N.E.2d 705, adopting 2 Restatement of the Law 2d, Torts, Section 500, at 587 (1965); see also Black's Law Dictionary 1298–1299 (8th Ed.2004) (explaining that reckless conduct is characterized by a substantial and unjustifiable risk of

harm to others and a conscious disregard of or indifference to the risk, but the actor does not desire harm).

*Anderson v. Massillon*, 134 Ohio St.3d 380, 983 N.E.2d 266, 2012–Ohio–5711, ¶34.

*Conclusion*

**{¶26}** We find that Phillips' actions did not cause the child physical harm or threaten substantial risk of same as defined by R.C. 2901.01(A)(3) and R.C.2901.01(A)(8). We further find the state failed to prove that Phillips actions were reckless. The impact of the child's removal from the premises was disciplinary and transitory.

**{¶27}** Given the circumstances presented in this case, we agree that Phillips' conduct was not drastic or severe. Specifically, we find that the discipline meted out by Phillips fell within the established parameters of "proper and reasonable parental discipline." Accordingly, Phillips' sole assignment of error is sustained.

{¶28}  The February 25, 2014 judgment of the Holmes County Municipal Court is reversed and vacated, and this matter is remanded to that Court for further proceedings consistent with this opinion.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur