The STATE of Ohio, Appellee,

v.

HART, Appellant.

[Cite as *State v. Hart* (1996), 110 Ohio App.3d 250.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4-95-19.

Decided April 3, 1996.

*Stanley J. Yoder,* Hicksville Village Solicitor, for appellee.

*Peter R. Seibel,* for appellant.

Evans, Judge.

This appeal is brought by John W. Hart, appellant, from the judgment of the Municipal Court of Defiance County finding him guilty of domestic violence in violation of R.C. 2919.25(A) and sentencing him to ninety days in jail and a $500 fine. The sentence was stayed upon good behavior and assessment through a batterer's treatment program.

On June 21, 1995, appellant was charged with domestic violence for slapping his seventeen-year-old daughter, Christy. Appellant pled not guilty to the charge. A bench trial was held on September 8, 1995, during which appellant admitted that he had slapped his daughter twice as a means of corporal punishment after Christy had stolen money from his bedroom and had lied to him about the theft. Christy admitted at trial that she had lied and stolen the money but claimed that appellant slapped her eight times and punched a hole in her bedroom wall during their argument. As a result of the fray, Christy was left with a reddened cheek and a slightly puffy lip. The trial court, while admitting that Christy was an unruly child, found appellant guilty of domestic violence after appellant admitted slapping a family member.

Appellant appeals this conviction asserting five assignments of error.

### First Assignment of Error

"For the State to apply the simple 'physical harm' standard under Ohio Revised Code § 2919.25 (domestic violence) to arrest and punish a parent for corporally punishing his child, when said punishment did not cause or pose a risk of serious physical harm, is [a] violation of the Ohio Constitution Article [I], Section 1, titled: Right to freedom and protection of property; and is also a violation of long recognized federal and Ohio common law relative to rights of parents."

In his argument, appellant proposes that since R.C. 2919.22(B)(3) provides a parent the affirmative defense of corporal punishment, parents accused of domestic violence should likewise be afforded the same defense as set out in that section. We do not agree. Under R.C. 2919.22(B)(3), the child endangerment statute, a parent can administer corporal punishment so long as it is not excessive under the circumstances and does not create a substantial risk of harm to the child. To subscribe to appellant's argument would ignore the fact that R.C. 2919.22 and 2919.25 describe separate crimes with different elements and penalties.[1] Clearly, the defenses available when charged with each separate crime

---

1. A person in violation of R.C. 2919.22(A) is guilty of a first degree misdemeanor, and *if the violation results in serious physical harm to the child involved* or a prior conviction exists, the

may also be different, as is the case here. *State v. Dunlap* (Aug. 21, 1995), Licking App. No. 95–CA–2, unreported, 1995 WL 556990. Nor does it seem logical to us to allow a defendant to pluck out a clause provided in a separate statute that sets forth a defense applicable to that specific crime, and apply that to a domestic violence charge. Had the legislature wished to use the standard in R.C. 2919.22(B)(3), a similar provision could have been inserted in R.C. 2919.25. Furthermore, the Supreme Court of Ohio was also presented with the opportunity to engraft the defense of corporal punishment provided for in R.C. 2919.22 to domestic violence cases filed under R.C. 2919.25, but instead formulated a more limited "proper and reasonable" affirmative defense, discussed more fully below. See *State v. Suchomski* (1991), 58 Ohio St.3d 74, 567 N.E.2d 1304. Therefore, we overrule appellant's first assignment of error.

### Fifth Assignment of Error

"The trial court erred by applying the wrong 'standard of conduct' to a charge involving parental corporal punishment. The application of a simple 'physical harm' standard is overbroad and the trier of fact ignored the constitutional and common-law right of a parent to utilize corporal punishment in the discipline of his child. Therefore if the existing law is properly applied the verdict of the court is against the manifest weight of the evidence."

Addressing appellant's claims somewhat out of order, we turn next to appellant's fifth assignment of error. Appellant here argues that the trial court erred by applying the wrong standard of conduct, "physical harm," when finding appellant guilty of domestic violence. This standard, appellant argues, is overbroad and ignores a parent's common-law and constitutional right to use corporal punishment when disciplining their children. Rather, appellant contends, the correct standard to be used in a charge involving corporal punishment is whether the punishment caused or posed the risk of causing serious physical harm as stated in the child endangering statute, R.C. 2919.22. Because of these errors, appellant concludes that his conviction was against the manifest weight of the evidence.

Appellant was charged under Ohio's domestic violence statute, R.C. 2919.25(A), which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Physical harm has been defined in R.C. 2901.01(C) as "*any injury,* illness, or other physiological impairment, regardless of its gravity or duration." (Emphasis added.) In *State v. Suchomski*, the Supreme Court of Ohio found that prosecution under R.C. 2919.25(A) does not

violation is a fourth degree felony. A person in violation of R.C. 2919.25(A) is guilty of a first degree misdemeanor unless specified prior convictions exist to increase the penalty to a fourth degree felony.

interfere with a parent's right to administer corporal punishment. The Supreme Court stated:

"Nothing in R.C. 2919.25(A) prevents a parent from properly disciplining his or her child. The only prohibition is that a parent may not cause 'physical harm' as that term is defined in R.C. 2901.01(C). 'Physical harm' is defined as 'any injury[.]' 'Injury' is defined in Black's Law Dictionary (6 Ed.1990) 785, as ' * * * [t]he invasion of any *legally protected interest* of another.' (Emphasis added.) A child does not have any legally protected interest which is invaded by proper and reasonable parental discipline." *Id.*, 58 Ohio St.3d at 75, 567 N.E.2d at 1305.

It follows then that proper and reasonable parental discipline can be employed by a defendant as an affirmative defense to a charge of domestic violence.[2] Two recent cases have addressed the domestic violence statute and upheld the use of corporal punishment as a defense. In *State v. Hicks* (1993), 88 Ohio App.3d 515, 624 N.E.2d 332, Hicks was charged with violating R.C. 2919.25 after she had bruised her child's eye, shoulders and back for lying. The trial court had instructed the jury that a parent is guilty of domestic violence if he or she disciplines his or her child in a way that causes any physical harm to the child. Hicks appealed, arguing that under R.C. 2919.22 she could practice corporal punishment so long as it was not excessive under the circumstances and did not create a risk of serious harm to the child. In light of *Suchomski*, the court in *Hicks* agreed that the right of parents to use corporal punishment when disciplining their children has not been abolished by R.C. 2919.25. *Id.* at 517–520, 624 N.E.2d at 333–336. Rather, parents can employ proper and reasonable discipline without being convicted of domestic violence. The court in *Hicks* set forth the following jury instruction to be given in such cases:

"The defendant has asserted an affirmative defense that she (he) was engaged in properly disciplining her (his) child at the time alleged. Nothing in the domestic violence statute prevents a parent from properly disciplining her (his) child. If you find by a preponderance of the evidence that the defendant was

---

2. We pause here to note the burden of proof imposed by R.C. 2919.25. The Supreme Court of Ohio set out the test that "where an exception or proviso in a criminal statute is a part of the description of the offense, it must be negatived by averment in the indictment in order to fully state the offense; but when its effect is merely to except specified acts or persons from the operation of the general prohibitory words of the statute, the negative averment is unnecessary." *Hale v. State* (1898), 58 Ohio St. 676, 51 N.E. 154, paragraph four of the syllabus. See, *e.g. State v. Ankney* (Oct. 29, 1987), Henry App. No. 7–86–9, unreported, 1987 WL 19689. Thus, as here, where the use of corporal punishment is not descriptive of the offense and not even mentioned in the statute, it is not a part of the state's burden of proof. "Instead, the exception is a matter of affirmative defense of which, as now codified by R.C. 2901.05, the 'burden of going forward with the evidence * * *, and the burden [of] proof, by a preponderance of the evidence, * * * is upon the accused.' " *Ankney, supra.*

engaged in proper and reasonable parental discipline at the time, then you shall find the defendant not guilty.

" 'Proper,' for purposes of this defense, means suitable or appropriate.

" 'Reasonable,' for purposes of this defense, means not extreme or excessive." *Id.*, 88 Ohio App.3d at 520, 624 N.E.2d at 335.

This jury instruction was also used in the case of *State v. Dunlap* (Aug. 21, 1995), Licking App. No. 95–CA–2, unreported, 1995 WL 556990. In *Dunlap,* the appeals court upheld the *Hicks* instruction given at the defendant's trial and rejected the argument that the wording from the child endangering statute should apply in domestic relations cases.

In the present case, the trial judge failed to consider the reasonableness or propriety of the corporal punishment employed by appellant, finding that slaps to the face or head, *per se,* did not qualify as corporal punishment. Rather, the trial court simply found that the elements of R.C. 2919.25 had been proven by the state. At the close of appellant's hearing the judge stated:

"But right now, what the Village has had to prove is that Mr. Hart caused or attempted to cause physical harm to a family member within the jurisdiction of the court. That they have proven.

" * * *

"I would be the first to agree, with what I've heard, she is an unruly child. Obviously, slapping her doesn't work either. He's done it a number of times. His own testimony was, 'Yeah, the first time, then she got clobbered the second time.' Physical violence in that manner is not appropriate because he says, 'I can't spank her because I'd be brought up on sexual charges.' No, spanking is corporal punishment. That's a given. Slapping in the face, over a continued period of time, that's not going to make it. * * * And you don't resort to physical violence. If it is a spanking, and she says, 'Oh, he physically abused me because he turned me over his knee.' Well, no, that's not, that's not domestic violence, folks. That is corporal punishment. That's an attempt at corporal punishment, anyhow. Clobbering her, smacking her in the side of the head, smacking her in the mouth, no. The State's proved their case; therefore, it's a finding of guilty."

Black's Law Dictionary (6 Ed.1990) 339, has defined "corporal punishment" as "physical punishment * * * any kind of punishment of or inflicted on the body." This definition would include extremities of the body such as the head, arms and legs. *State v. Rogers* (1975), 44 Ohio App.2d 289, 290, 73 O.O.2d 329, 330, 337 N.E.2d 791, 793. It is clear to this court that the trial judge considered only spanking to qualify as corporal punishment and ignored the

possibility that corporal punishment to other parts of the body may also be proper and reasonable. In this respect, the trial court abused its discretion. The propriety and reasonableness of corporal punishment in each case must be judged in light of the totality of the circumstances. A child's age, behavior, and response to noncorporal punishment as well as the location and severity of the punishment are factors that should be examined. Without first recognizing slaps to the face or the head as a means of corporal punishment, the trial court never reached the issue of whether, under the circumstances, the corporal punishment was proper and reasonable. Therefore, the court did not consider the legitimate defense of appellant to the charge before finding appellant guilty. Under these circumstances, we find the judgment of the trial court to be against the manifest weight of the evidence, and we sustain appellant's fifth assignment of error to that extent while overruling the remainder of the assignment.

### Second Assignment of Error

"The application of ORC § 2919.25, domestic violence, to parent-child corporal punishment, utilizing the standard of mere 'physical harm' is unconstitutional and violates equal protection guaranteed by Article I, Section 16 of the Ohio Constitution, since section 2919.25 imposes greater restrictions on parents when disciplining their children than on teachers exercising the same rights."

In his second assignment of error, appellant contends that the language of R.C. 2919.25, requiring only a showing of "physical harm" to a family member, ignores a parent's right to use corporal punishment and violates the equal protection guarantees contained in the Ohio Constitution because it gives teachers greater protection in exercising corporal punishment than parents. As we have earlier discussed, R.C. 2919.25 does not emasculate parents' right to discipline their children through corporal punishment. Moreover, equal protection guarantees are not drawn into play in that similarly situated persons are not being treated differently under R.C. 2919.25(A). The statute in question applies to and among family members and has no effect on the use of corporal punishment by teachers. We overrule appellant's second assignment of error.

### Third Assignment of Error

"The domestic violence statute (§ 2919.25) is both void for vagueness and void for overbreadth when applied to parents exercising their parental rights of corporal punishment of their children."

Appellant argues in his third assignment of error that R.C. 2919.25(A) is vague and overbroad when applied to parents using corporal punishment as a means of disciplining their children. We disagree. In *Suchomski*, 58 Ohio St.3d 74, 567 N.E.2d 1304, the defendant had raised the identical claim at the trial level

and was successful in persuading the trial court to dismiss his indictment. The dismissal was affirmed on appeal. However, the Supreme Court reversed those decisions, finding that the indictment under R.C. 2919.25 sufficiently charged a criminal offense. The Supreme Court reached that decision after reviewing the elements and definitions used in R.C. 2919.25(A). Although the court did not expressly state it, a review of the *Suchomski* case *in toto* reveals that the Supreme Court did not find R.C. 2919.25(A) vague. Given that the terms used in the statute to describe the charge would give a person of ordinary intelligence fair notice that such contemplated conduct is forbidden by the statute, we agree. *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110.

■ Likewise, R.C. 2919.25(A) is not overbroad. A statute is overbroad when it prohibits activity that would otherwise be constitutionally protected. *Grayned v. Rockford* (1972), 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222, 230–231. While the appellant argues that use of corporal punishment as a means of discipline by a parent is essentially made illegal under R.C. 2919.25, the *Suchomski* court concluded otherwise, finding that children are not injured (*i.e.*, they have no legally protected interest invaded) by proper and reasonable parental discipline. *Suchomski*, 58 Ohio St.3d at 75, 567 N.E.2d at 1305. Therefore, appellant's third assignment of error is overruled.

### Fourth Assignment of Error

"The application of the domestic violence statute rather than the child endangering statute to sanction parental corporal punishment violates the rules of construction as promulgated by the Ohio state legislature R.C. § 1.47, § 1.51."

■ Last, in appellant's fourth assignment of error, he contends that application of R.C. 2919.25, rather than R.C. 2919.22, to sanction parental corporal punishment violates the rules of construction contained in the Revised Code. As we have previously discussed, R.C. 2919.25 does not abolish corporal punishment. Furthermore, the rules of construction contained in the Revised Code provide assistance in cases in which laws conflict in application or enforcement. In this case, the two statutes in issue constitute two distinct crimes that do not conflict in their enforcement. As a result, we do not find appellant's argument regarding statutory construction applicable. Therefore, we overrule appellant's fourth assignment of error.

We vacate the conviction and sentence of the trial court and remand this cause to the trial court for further proceedings in accordance with this opinion.

*Judgment vacated*
*and cause remanded.*

HADLEY, P.J., and SHAW, J., concur.