The STATE of Ohio, Appellee,

v.

CRAUN, Appellant.

[Cite as *State v. Craun,* 158 Ohio App.3d 389, 2004-Ohio-4403.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–03–22.

Decided Aug. 23, 2004.

Jeffrey A. Shaffer and David R. Langdon, for appellant.

Tonya Thieman, Sidney Municipal Prosecutor, for appellee.

CUPP, Judge.

{¶ 1} Defendant-appellant, Tyna Craun, appeals from judgment of conviction and sentence of the Municipal Court of Shelby County entered on a jury verdict in which appellant was found guilty of one count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree.

{¶ 2} On January 15, 2003, appellant and her 15-year-old stepdaughter, Stephanie Craun, had an argument over Stephanie's use of the home telephone. Appellant initially grounded Stephanie. However, the argument escalated, and appellant attempted to discipline Stephanie by spanking her with a wooden paddle. Stephanie resisted and tried to avoid being hit by the paddle. During the altercation, Stephanie was struck in the wrist by the paddle. Stephanie continued to resist. In response, appellant forcibly pulled Stephanie to the ground and covered Stephanie's mouth with her hand. Stephanie eventually calmed down, returned to her feet, and took her spankings. Stephanie incurred bruising and swelling on her wrist and buttocks.

{¶ 3} Based on this incident, appellant was charged with one count of domestic violence. Appellant pleaded not guilty, and the matter proceeded to a jury trial. On July, 15, 2003, appellant was found guilty of misdemeanor domestic violence and was sentenced accordingly.

{¶ 4} Appellant now appeals the judgment of the trial court and sets forth four assignments of error for our review. Appellant's third assignment of error will be addressed last.

### Assignment of Error No. I

The trial court erred to the prejudice of defendant-appellant, Tyna Craun, by improperly instructing the jury as to the elements of the offense charged and the burden of persuasion assigned to the parties.

{¶ 5} Appellant asserts that the that the trial court's domestic-violence jury instruction is in conflict with the child-endangerment statute, codified in R.C. 2919.22(B)(3),[1] and further maintains that the trial court erred in instructing the jury that appellant had the burden to establish "reasonable parental discipline" as an affirmative defense. Appellant specifically relies upon the Ohio Supreme Court's decision in *State v. Suchomski* (1991), 58 Ohio St.3d 74, 567 N.E.2d 1304, and asserts that when an issue of corporal punishment is presented, the burden is upon the state to show that the discipline instituted by the accused was unreasonable and improper.

{¶ 6} Counsel for defendant did not object to the jury instruction given by the trial court. Consequently, the jury instruction is reviewed under a plain-error standard. See Crim.R. 52(B). Under a plain-error analysis, a reviewing court must find (1) that there was an error, (2) that the error is an obvious defect in the trial proceedings, and (3) that the error must have affected a substantial right of the appellant, which has been interpreted to mean that the trial court's error must have affected the outcome of the trial. *State v. Barnes* (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240. We recognize plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Landrum* (1990), 53 Ohio St.3d 107, 559 N.E.2d 710.

{¶ 7} Appellant was charged with domestic violence in violation of R.C. 2919.25(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." At the close of the evidence, the trial court instructed the jury as follows:

Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 15th day of January, 2003, in Shelby County, Ohio,

---

1. {¶ a} R.C. 2919.22(B)(3) provides:

{¶ b} (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

{¶ c} (3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child.

the defendant knowingly caused or attempted to cause physical harm to a family or household member, to wit, the defendant, Tyna M. Craun, slapped her stepdaughter, Stephanie Craun, with a wooden paddle repeatedly on her buttocks causing bruising and struck her on the wrist with a wooden paddle causing bruising and swelling.

A person acts knowingly regardless of his purpose when he is aware that his conduct will probably cause a certain result. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

Since you cannot look into the mind of another, knowledge is to be determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the defendant an awareness of the probability that the defendant's conduct would cause physical harm to a family or household member, to wit: her stepdaughter, Stephanie Craun.

The trial court further instructed the jury that appellant was asserting the affirmative defense of "reasonable parental discipline" and defined reasonable parental discipline as follows:

The defendant claims that she was engaged in reasonable and proper parental discipline of her child. The law permits a parent to use reasonable and proper measures to discipline her child. If you find by the greater weight of the evidence that at the time in question the defendant engaged in reasonable and proper discipline of her child under the age of eighteen, then you must find the defendant not guilty of domestic violence.

{¶ 8} We are not persuaded by appellant's arguments, nor do we agree with appellant's interpretation and application of the Ohio Supreme Court's decision in *Suchomski,* supra. First, the court in *Suchomski* found that there is no conflict between the domestic-violence and child-endangerment statutes, R.C. 2919.25 and 2919.22, respectively. *Suchomski,* supra, 58 Ohio St.3d at 75, 567 N.E.2d 1304. Second, the law is well established that the appellant was not entitled to a jury instruction that placed the evidentiary burden on the state to prove that the discipline administered by appellant was unreasonable. Rather, the jury was properly instructed as to the affirmative defense of "reasonable parental discipline." See *State v. Esparza* (Mar. 4, 1999), 3d Dist. No. 4–98–18, 1999 WL 155955; *State v. Mills* (Mar. 26, 1997), 1st Dist. No. C–960482, 1997 WL 133430; *State v. Dunlap* (Aug. 21, 1995), 5th Dist. No. 95–CA–2, 1995 WL 556990. This court has previously specifically found that "the Supreme Court identified [the] right of proper and reasonable parental discipline as an *affirmative defense* available to a parent faced with possible conviction for actions incurred while disciplining a child." (Emphasis added.) *State v. Hauenstein* (1997), 121 Ohio App.3d 511, 516, 700 N.E.2d 378, citing *Suchomski,* supra; *State v. Hart* (1996),

110 Ohio App.3d 250, 253, 254, 673 N.E.2d 992; *State v. Hicks* (1993), 88 Ohio App.3d 515, 624 N.E.2d 332. Accordingly, because reasonable parental discipline is an affirmative defense, the burden of proof is upon the accused to establish it by a preponderance of the evidence. See R.C. 2901.05(A) and (C)(2).

{¶ 9} We find that the trial court did not err in instructing the jury as to the affirmative defense of reasonable parental discipline. Appellant's first assignment of error is, therefore, overruled.

### Assignment of Error No. II

The trial court erred to the prejudice of defendant-appellant, Tyna Craun, in its instruction to the jury which equated the finding of a violation of the statutory elements of the offense with the finding of certain undisputed facts of the case.

{¶ 10} Appellant specifically asserts that the element of "knowingly" causing or attempting to cause physical harm was not clearly set forth in the jury instruction but, rather, that the jury was able to reach a guilty verdict by simply finding that appellant had struck Stephanie with a paddle in the fashion indicated in the jury instruction, which fact is undisputed. Appellant's claim is without merit.

{¶ 11} The instruction given to the jury in the case sub judice, set out above, clearly defines the word "knowingly." The definition given to the jury is legally consistent with the language in R.C. 2901.22(B) that defines the word "knowingly" as it relates to criminal acts. Moreover, the definition is correct and appropriate to the facts of this case. See 4 Ohio Jury Instructions (2000), 409.11 (drafted to correspond to R.C. 2901.22(B)). The jury was clearly and accurately instructed on the definition of "knowingly."

{¶ 12} Accordingly, there was no error in the form or substance of the jury instruction, and appellant's second assignment of error is overruled.

### Assignment of Error No. IV

Defendant-appellant was prejudiced by the ineffective assistance of her trial counsel.

{¶ 13} Appellant asserts that her assistance of counsel was defective because of the failure to object to the jury instruction. The assertion is without merit.

{¶ 14} A two-part test is utilized for determining whether a criminal defendant has been denied the effective assistance of counsel. The test first requires a defendant to show that his attorney's performance fell below an objective standard of reasonableness. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Second, the test requires the defendant to show that "there is a reasonable probability that but for counsel's unprofessional errors, the

result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 15} Because we have concluded in the previous assignment of error that the jury instruction was proper, it follows that appellant's counsel's failure to object to the jury instruction was objectively neither deficient nor unreasonable. Appellant's fourth assignment of error is, therefore, overruled.

### Assignment of Error No. III

The trial court erred to the prejudice of defendant-appellant, Tyna Craun, in finding her guilty of domestic violence, as the verdict was not supported by legally sufficient evidence, and was otherwise against the manifest weight of the evidence.

{¶ 16} "Sufficiency of the evidence" is the legal standard applied to determine whether the case may go to a jury, or whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. In contrast, " 'weight of the evidence" concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.' " (Emphasis omitted.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed.1990) 1594. In this assignment of error, appellant does not challenge the sufficiency of the evidence regarding the elements of domestic violence (that she knowingly caused physical harm to a family or household member). Rather, she maintains that she clearly met her burden of proof and established the affirmative defense of reasonable parental discipline. Accordingly, our review of the appellant's assignment of error is limited to reviewing whether the jury verdict is against the manifest weight of the evidence.

{¶ 17} A judgment of a trial court will not be reversed as being against the manifest weight of the evidence if the trial court's judgment is supported by some competent, credible evidence. *DeWitt v. DeWitt*, Marion App. No. 9–02–42, 2003-Ohio-851, 2003 WL 490928, at ¶ 11. In reviewing whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 151 Ohio App.3d 605, 2003-Ohio-735, 784 N.E.2d 1237, at ¶ 27. " 'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Jones* (2000), 140 Ohio App.3d 422, 428, 747 N.E.2d 891, quoting *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.

{¶ 18} In considering the claim of appellant herein that her conviction is against the weight of the evidence, "this court must consider whether appellant sustained her burden of proof with regard to her affirmative defense that she used only 'proper and reasonable parental discipline.'" Id. at 429, 747 N.E.2d 891; quoting *State v. Hauenstein* (1997), 121 Ohio App.3d 511, 516, 700 N.E.2d 378.

{¶ 19} The jury instruction for the affirmative defense of "reasonable parental discipline" in the case sub judice defined "reasonable" as "not extreme or excessive under the circumstances" and defined "proper" as defined as "suitable or appropriate under the circumstances." In determining the propriety and reasonableness of corporal punishment, this court has held that each case must be judged in light of the totality of the circumstances. *State v. Hart* (1996), 110 Ohio App.3d 250, 256, 673 N.E.2d 992. In so doing, the trier of fact should consider several factors, including the child's age, behavior, and response to noncorporal punishment as well as the location and severity of the punishment. Id.

{¶ 20} In the case sub judice, the trial court heard testimony from both appellant and Stephanie as well as from Officer Jim Lorenzo, who interviewed appellant and observed Stephanie approximately four days after the incident. Rebekah Botner Oglesbee, a friend of Stephanie's and member of the same church as Stephanie's, who saw Stephanie after the incident, also testified. The evidence also included portions of the taped interview with appellant made by Officer Lorenzo and photographs of Stephanie's injuries taken by Oglesbee at the request of Officer Lorenzo.

{¶ 21} The testimony revealed that the incident between appellant and Stephanie escalated after appellant first attempted to ground Stephanie; that appellant spanked Stephanie several times with a wooden paddle; that Stephanie yelled that she was being abused, to which appellant responded, "No, *this* is child abuse," and again struck Stephanie with the paddle; that at one point, the paddle struck Stephanie on the wrist; that appellant forcibly brought Stephanie down to the ground and covered Stephanie's mouth with her hand; that upon letting Stephanie up from the floor, appellant paddled Stephanie three more times. Appellant testified that she struck Stephanie with the paddle approximately six times during the incident. Stephanie testified that she had been paddled approximately eight times during the incident.

{¶ 22} As to Stephanie's injuries, Stephanie, Officer Lorenzo, and Oglesbee all testified that Stephanie had some bruising and swelling on her wrist and bruising on her buttocks. Photographs of Stephanie's injuries were submitted as exhibits and were available to the jury.

{¶ 23} The trier of fact is in the best position to observe the credibility of the witnesses and the weight of the evidence. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. We are, therefore, mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact. Id. Based upon the facts of the case, we cannot say that the jury "clearly lost its way and created a manifest miscarriage of justice" by refusing to find that the greater weight of the evidence established that appellant had engaged in "reasonable and proper discipline."

{¶ 24} Based upon the evidence in the case, including the evidence recited herein, we do not find that appellant's conviction was against the manifest weight of the evidence. Appellant's third assignment of error is, therefore, overruled.

{¶ 25} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

SHAW, P.J., and THOMAS F. BRYANT, J., concur.