[Cite as *State v. Durbin*, 2013-Ohio-5147.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 CA 2 |
| WAYNE A. DURBIN | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Municipal Court,
                                Case Nos. CRB 1200226; CRB 1200265


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         November 20, 2013


APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

STEVE KNOWLING                    DAVID M. HUNTER
PROSECUTING ATTORNEY              244 West Main Street
CHRISTINE C. WILLIAMS            Loudonville, Ohio  44842
ASSISTANT PROSECUTOR
164 East Jackson Street
Millersburg, Ohio  44654

*Wise, J.*

{¶1} Appellant Wayne A. Durbin appeals from his misdemeanor conviction for child endangering in the Municipal Court of Holmes County. The relevant facts leading to this appeal are as follows.

{¶2} Appellant is the father of four children, and, at the times relevant to this case, was the residential parent of three of them: son D.D., daughter A.D., and son T.D. On the evening of May 26, 2012, appellant was at his home in Holmes County, Ohio with these three children. Appellant wanted everyone to come outside for a bonfire, but D.D. wanted to stay inside and play video games. An argument and physical altercation ensued, resulting in D.D. receiving a bloody nose and A.D. being pushed onto the couch by appellant. The children eventually called their mother, Robin K., and law enforcement was contacted.

{¶3} By about 11:30 PM, Holmes County Sheriff Deputy Mike Myers and Sergeant Wade Johnson had arrived at appellant's residence. Based on their investigation, appellant was arrested and charged with domestic violence (R.C. 2919.25(A)) and child endangering (R.C. 2919.22(A)), both first-degree misdemeanors. Appellant entered pleas of not guilty to both charges.

{¶4} Prior to the commencement of trial, appellant filed, inter alia, a request for jury instructions as to self-defense and parental discipline.

{¶5} The trial began on February 5, 2013. At the end of the State's case, appellant moved to dismiss the matter pursuant to Crim.R. 29, which was overruled. Tr. at 149. Appellant renewed the motion to dismiss at the close of the defense case. Said motion was also overruled. Tr. at 187.

{¶6} After closing argument, the judge gave her instructions to the jury. Tr. at 202-208. Appellant was thereafter found guilty by the jury of child endangering, but not guilty of domestic violence. The court thereupon sentenced appellant to 180 days in jail, with 150 days suspended, and a fine of $250.00.

{¶7} Appellant filed a notice of appeal on March 6, 2013. He herein raises the following four Assignments of Error:

{¶8} "I. THE TRIAL COURT ERRED IN NOT GIVING COMPLETE JURY INSTRUCTIONS AS TO ALL ELEMENTS OF THE OFFENSE OF ENDANGERING CHILDREN.

{¶9} "II. THE TRIAL COURT ERRED IN NOT GIVING INSTRUCTIONS AS TO SELF-DEFENSE AND REASONABLE PARENTAL DISCIPLINE AS REQUESTED BY DEFENDANT-APPELLANT.

{¶10} "III. THE CONVICTION FOR ENDANGERING CHILDREN, IN VIOLATION OF OHIO REVISED CODE SECTION 2919.22(A), A MISDEMEANOR OF THE FIRST DEGREE, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} "IV. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS UNDER CRIM.R. 29(A) AT THE CLOSE OF ALL EVIDENCE."

I.

{¶12} In his First Assignment of Error, appellant contends the trial court erred giving its instructions to the jury concerning the offense of child endangering. We disagree.

{¶13} In the case sub judice, although appellant filed a pre-trial request for jury instructions, he did not object to the specifics of the pertinent jury instructions regarding child endangering. (*See* Tr. at 208.) An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804; Crim.R. 52(B). In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. *Long, supra,* paragraph two of the syllabus. In *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 448 N.E.2d 452, the Ohio Supreme Court applied *Long* and the plain error doctrine in the context of an allegedly erroneous jury instruction. The Court added that "*** the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." *Id.* at 227, 372 N.E.2d 804. Finally, "a single jury instruction should not be judged in isolation but, instead, must be considered in the context of the overall charge." *State v. Schlee,* Lake App.No. 2004–L–070, 2005-Ohio-5117, ¶ 32 (additional citations omitted).

{¶14} The child endangering statute at the center of this issue, R.C. 2919.22(A), reads in pertinent part as follows: "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. ***."

{¶15} Although not stated in R.C. 2919.22, recklessness is the culpable mental state for the crime of child endangering. *State v. Colopy*, Knox App.No. 2011–CA–3,

2011-Ohio-6120, ¶ 34, citing *State v. O'Brien* (1987), 30 Ohio St.3d 122, 508 N.E.2d 144 (additional citation omitted).

{¶16} The pertinent definition of "recklessness" is found in R.C. 2901.22(C), which states:

{¶17} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

{¶18} Appellant herein asserts that the trial court did not reference the "recklessness" and "substantial risk" factors in instructing the jury on the child endangering charge. See Appellant's Brief at 8. The court's instruction, which includes language from the Ohio Jury Instructions § 519.22, was as follows:

{¶19} "The defendant is charged with endangering children. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 26th day of May of 2012 and in Holmes County, the defendant being the parent of the child created a substantial risk either to the health or safety of that child by violating the duty of care, protection or support or by recklessly administrating corporal punishment when the punishment or discipline was excessive under the circumstances and created a substantial risk of serious physical harm to the child."

{¶20} Tr. at 203.

{¶21} Upon review, we find no plain error under the circumstances of the case sub judice for want of further instructions to the jury on the offense of child endangering.

**{¶22}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶23}** In his Second Assignment of Error, appellant contends the trial court erred in declining to give a "reasonable parental discipline" instruction to the jury.[1] We disagree.

**{¶24}** Our standard for appellate review of jury instructions is whether the trial court's decision on giving a requested instruction constituted an abuse of discretion under the facts and circumstances of the case. *See State v. DeMastry,* 155 Ohio App.3d 110, 799 N.E.2d 229, 2003–Ohio–5588, ¶ 72, citing *State v. Wolons* (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443. In addition, because the failure to properly instruct the jury is not in most instances structural error, the harmless-error rule of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, applies to a failure to properly instruct the jury, for it does not necessarily render a trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. *State v. Bleigh,* Delaware App.No. 09–CAA–03–0031, 2010-Ohio-1182, ¶ 119, citing *Neder v. United States* (1999), 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35.

**{¶25}** Appellant urges that his child endangering charge, which stemmed from his actions of shoving his daughter, A.D., into the couch as he engaged in the altercation with D.D., could have been interpreted by the jury as a reasonable measure to discipline A.D. for interfering with his duty to properly control D.D. at that moment. In Ohio, "[w]here an alleged incident of domestic violence occurs between a parent and child, the parent may raise parental discipline as an affirmative defense." *State v. Luke*,

---

[1]  The text of appellant's argument in his brief does not revisit the issue of the requested self-defense instruction.

Union App.No. 14-10-26, 2011-Ohio-4330, ¶ 21, citing *State v. Suchomski* (1991), 58 Ohio St.3d 74, 75; *State v. Hauenstein* (1997), 121 Ohio App.3d 511, 516.

**{¶26}** Whether parental discipline is "extreme or excessive" is determined in light of the totality of the circumstances. *Id.*, citing *State v. Hart* (1996), 110 Ohio App.3d 250, 256. "In analyzing the totality of the circumstances, a court should consider the following factors: (1) the child's age; (2) the child's behavior leading up to the discipline; (3) the child's response to prior non-corporal punishment; (4) the location and severity of the punishment; and (5) the parent's state of mind while administering the punishment." *Luke* at ¶ 22, citing *In re J.L.,* 176 Ohio App.3d 186, 199, 2008–Ohio–1488, ¶ 35, citing *Hart, supra*; *State v. Jones* (2000), 140 Ohio App.3d 422, 430.

**{¶27}** In the case sub judice, the evidence indicates that A.D. was trying to de-escalate the altercation between her father and brother when appellant shoved her to the point that the couch nearly overturned when she was forced into it. See Tr. at 54-55, 65-69, 81-101. Upon review of the record, we are unpersuaded that the trial court's refusal to give a parental discipline instruction at the request of defense counsel was unreasonable, arbitrary, or unconscionable.

**{¶28}** Appellant's Second Assignment of Error is therefore overruled.

IV.

**{¶29}** We will address the remainder of appellant's arguments out of sequence. In his Fourth Assignment of Error, appellant contends the trial court erred in denying his motion for acquittal under Crim.R. 29. We disagree.

**{¶30}** An appellate court reviews a trial court's denial of a Crim.R. 29 motion for acquittal using the same standard used for reviewing a sufficiency of the evidence

claim. *State v. Barron,* 5th Dist. Perry No. 05 CA 4, 2005–Ohio–6108, ¶ 38. In reviewing a claim based on the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶31}** Appellant in the case sub judice was convicted of misdemeanor child endangering. R.C. 2919.22(A), reads in pertinent part as follows: "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. ***."

**{¶32}** Appellant specifically maintains that the State failed to prove that appellant created a substantial risk to the health or safety of A.D. and that he violated a duty of care. Appellant's Brief at 14. For purposes of child endangering cases, a "substantial risk" is defined in R.C. 2901.01(A)(8) as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." *See State v. G.G.*, 10th Dist. Franklin No. 12AP-188, 2012-Ohio-5902, ¶ 8.

**{¶33}** The trial transcript sets forth A.D.'s recollection of the events that occurred after she observed appellant slap her brother, D.D.:

**{¶34}** "Prosecutor: Ok, and after the slap happen (sic) what happen (sic) next?

{¶35} "A.D: Well, he, my dad left the room, then he came back and they got into it again and I got in the middle of them and my dad pushed me into the couch.

{¶36} "Prosecutor: What kind of push was it?

{¶37} "A.D: A hard push.

{¶38} "Prosecutor: Did it hurt?

{¶39} "A.D: Yeah, kind of.

{¶40} "Prosecutor: And did you fall over on the couch?

{¶41} "A.D: No, the couch, yeah, I fell over on the couch and the couch leaned and it almost fell over.

{¶42} "Prosecutor: Did the couch almost fall on top of you?

{¶43} "A.D: No, it fell backwards.

{¶44} "Prosecutor: Ok, it fell backwards, ok. ***."

{¶45} Tr. at 54-55.

{¶46} On cross-examination, A.D. added that appellant "liked [sic] pulled my shirt and pushed me" and agreed that "the entire couch lifted up and then dropped back down." Tr. at 68-69.

{¶47} Upon review, we hold rational triers of fact could have found, beyond a reasonable doubt, that appellant recklessly created a substantial risk to A.D.'s health or safety for purposes of R.C. 2919.22(A). We recognize that R.C. 2919.22(A) is generally aimed at preventing acts of omission or neglect. *See Colopy, supra,* at ¶ 31, citing *State v. Sammons* (1979), 58 Ohio St.2d 460. However, we find the State can, and in this case did, sufficiently demonstrate a violation of the defendant's duty of care in the context of child endangering where the defendant is the actual perpetrator of physical

violence against the child victim. *Cf. State v. Cruz*, 9th Dist. Lorain No. 99CA007411, 2000 WL 1026694 (child endangering conviction supported by sufficient evidence as a matter of law where the caretaker of an infant child violated his duty of care by violently shaking her). We therefore hold appellant's conviction for child endangering was supported by sufficient evidence, and the motion for acquittal under Crim.R. 29 was properly denied.

{¶48} Appellant's Fourth Assignment of Error is overruled.

III.

{¶49} In his Third Assignment of Error, appellant argues his conviction for child endangering was against the manifest weight of the evidence. We disagree.

{¶50} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See also, State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

{¶51} As an initial matter, we note appellant briefly points out that the child endangering victim was identified in the complaint merely by date of birth, and that there was a dearth of evidence at trial as to which child had that particular birthday. The jury foreperson apparently raised a question in this regard during deliberations, which was

presented to the trial court judge. *See* Tr. at 212. However, the trial transcript indicates that all three children testified concerning their respective ages. *See* Tr. at 51, 77, 151. We are unpersuaded that any questions surrounding the age or identity of A.D. warrant reversal of the child endangering conviction.

**{¶52}** Appellant next essentially argues that based on the evidence the jury should have inferred that appellant was either legitimately disciplining A.D. for interfering with his disciplining of D.D. or else that appellant was trying to protectively keep her out of the middle of his confrontation with D.D. We note appellant testified that he has a weak arm, i.e., that "half my muscle is gone in my arm." Tr. at 163. He maintained that he used his weak arm to push A.D. and thus could "barely push her that hard." *Id.* Appellant added: "I was trying to get her off of me, as she *** had her arms wrapped around me." Tr. at 164. D.D.'s testimony also supports appellant's claim that he pushed A.D. with one arm. *See* Tr. at 95.

**{¶53}** Nonetheless, upon review of the eight witnesses' testimony at trial, including that of appellant and all three children, we are unpersuaded the jury lost its way in assessing the evidence in this case. The jurors, as the firsthand triers of fact, were patently in the best position to gauge the truth. We hold the jury's decision did not create a manifest miscarriage of justice requiring that appellant's conviction for child endangering be reversed and a new trial ordered.

**{¶54}** Appellant's Third Assignment of Error is overruled.

**{¶55}** For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Holmes County, Ohio, is hereby affirmed.

By:  Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

_____

HON. JOHN W. WISE

_____

HON. W. SCOTT GWIN

_____

HON. CRAIG R. BALDWIN

JWW/d 1031

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :               JUDGMENT ENTRY
                                       :
WAYNE A. DURBIN                        :
                                       :
    Defendant-Appellee             :               Case No. 13 CA 2


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Holmes County, Ohio, is affirmed.

Costs assessed to appellant.


_____
HON. JOHN W. WISE


_____
HON. W. SCOTT GWIN


_____
HON. CRAIG R. BALDWIN