**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0529n.06

Case No. 17-3205

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Oct 24, 2018

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOSEPH ROYSTER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| WARDEN, Chillicothe Correctional | ) | OHIO |
| Institution, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: SILER, GRIFFIN, and STRANCH, Circuit Judges.

**SILER**, Circuit Judge. In this habeas corpus matter, Joseph Royster appeals the district court's denial of his petition. Royster argues that the Ohio Court of Appeals unreasonably applied clearly established federal law—namely, *Jackson v. Virginia*, 443 U.S. 307 (1979)—in determining that his child endangerment conviction was supported by "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Id.* at 316. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Between the summer of 2010 and April 2011, Royster lived in Dayton, Ohio with his girlfriend and her two minor children. One of the children, eight-year-old J.J., alleged that Royster raped and physically abused her while he lived with the family. In September 2012, Royster was

charged with three counts of rape of a child less than ten years old, in violation of Ohio Rev. Code § 2907.02(A)(1)(b), and one count of child endangerment (corporal punishment), in violation of Ohio Rev. Code § 2919.22(B)(3). Royster pleaded not guilty to all four counts and proceeded to a trial by jury.

At trial, the prosecution presented the testimony of J.J., her physician, and her grandmother in support of the child endangerment charge. J.J.'s physician testified that J.J. said "she doesn't like to wear dresses and doesn't like to show her legs." J.J. had linear scarring on her legs, which did not appear to have resulted from accidental injuries. She explained that the scarring was "from falling down." When the physician asked J.J. "if she had ever been hurt by anyone," J.J. responded that her "mom's boyfriend hit [her] with a belt and a . . . buckle on [her] legs." The pediatrician opined that the scars on J.J.'s legs were consistent with being hit with a belt. During the testimony of J.J.'s grandmother, she began to explain to the jury about "when [J.J.] started telling [her] about being hit," but the prosecutor interrupted and never returned to the issue. Finally, J.J. testified that Royster would hit her with a belt on her bottom and legs when she misbehaved. She said that these beatings sometimes left welts.

Following the prosecution's case, Royster moved for acquittal pursuant to Rule 29, which the court granted as to one of the rape counts. The three remaining charges were left for jury determination. During closing arguments, the prosecution noted that the jury must conclude the punishment inflicted by Royster was "excessive under the circumstances" in order to convict Royster of child endangerment. The prosecutor stated, "Ladies and gentlemen, she talks about, and this is important, he leaves welts, welts on her leg. Ladies and gentlemen, that's excessive." The jury returned guilty verdicts on the remaining three counts. Royster was sentenced to 15 years

to life on each rape conviction and 36 months on the child endangerment conviction, to run concurrently.

Royster appealed to the Ohio Court of Appeals, arguing that the prosecution had failed to produce sufficient evidence that his use of corporal punishment was excessive under the circumstances. He contended that, "[i]n determining whether corporal punishment is 'excessive,' courts have held that one must consider the 'totality of the circumstances.'" Factors to be considered, according to Royster, included the child's age, her behavior leading up to the discipline, her response to prior non-corporal punishment, the location and severity of the punishment, and the discipliner's state of mind when administering the punishment. Because the prosecution did not present evidence of all of these factors, "the jury had absolutely no circumstances to consider when assessing the charge," and "the evidence produced at trial [wa]s insufficient to uphold a guilty verdict as a matter of law." In response, the state argued that beating an eight-year-old child with a belt until she formed welts was per se unreasonable, regardless of the circumstances.

The Ohio Court of Appeals affirmed Royster's conviction, finding that the prosecution had presented sufficient evidence to prove each element of the child endangerment charge beyond a reasonable doubt. *State v. Royster*, No. 25870, 2015 WL 5173534, at *12 (Ohio Ct. App. Sept. 4, 2015). The court explained,

> If the jury believed J.J.'s testimony that Royster beat her with a belt and buckle to such an extent that welts remained visible on her skin, and credited [the physician's] testimony regarding the nature and pattern of the scarring as inconsistent with a typical childhood injury, the jury could have found the essential elements of [§] 2919.22(B)(3) proven beyond a reasonable doubt.

*Id.* The Ohio court also factually distinguished *State v. Rosa*, 6 N.E.3d 57 (Ohio Ct. App. 2013), upon which Royster relied, because it dealt with "the unique nature of the parent/child relationship,

including the parent's right to discipline their child, including the use of corporal punishment," and Royster was not J.J.'s parent. *See Royster*, 2015 WL 5173534, at *12 (quoting *Rosa*, 6 N.E.3d at 62). The Supreme Court of Ohio declined to hear Royster's appeal. *State v. Royster*, 42 N.E.3d 764 (Ohio 2015). Royster then filed a motion for reconsideration and an application for re-opening, which the Ohio Court of Appeals denied. The Supreme Court of Ohio again declined to exercise jurisdiction. *State v. Royster*, 44 N.E.3d 289 (Ohio 2016).[1]

Thereafter, Royster filed a pro se habeas petition pursuant to 28 U.S.C. § 2254 in the Southern District of Ohio. The magistrate judge recommended that the district court deny the petition, determining that "expert testimony that the beatings had left permanent scars [was] certainly sufficient to ground a finding that the discipline had been excessive." Thus, the magistrate judge found that "the Second District's decision was not an objectively unreasonable application of *Jackson*." The district court adopted the magistrate judge's recommendations and denied Royster's habeas petition, finding that "[t]here [wa]s enough evidence for a reasonable trier of fact to conclude that the State had proven all sub-elements of Corporal Punishment—and thus, Endangering a Child—beyond a reasonable doubt." *Royster v. Jenkins*, No. 3:16-cv-59, 2017 WL 663556, at *4 (S.D. Ohio Feb. 17, 2017).

On appeal, Royster continues to argue that the government failed to present sufficient evidence that Royster's corporal punishment of J.J. was excessive under the circumstances.

---

[1] Royster also filed a state-court petition for post-conviction relief, asserting ineffective assistance of counsel and a *Brady* violation. The Ohio Court of Appeals denied this petition, *State v. Royster*, No. 26378, 2015 WL 751663, at *1 (Ohio Ct. App. Feb. 20, 2015), and the Supreme Court of Ohio declined to consider his claims, *State v. Royster*, 31 N.E.3d 656 (Ohio 2015).

## STANDARD OF REVIEW

We conduct de novo review of the district court's ruling on Royster's petition for habeas corpus. *See Armstrong v. Morgan*, 372 F.3d 778, 781 (6th Cir. 2004). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we must defer to the decision of the Ohio Court of Appeals concerning Royster's claim, unless its judgment "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C § 2254(d)(1).

This standard is "difficult to meet," and Royster carries the burden of proof. *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013). State court decisions must be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). Thus, in order to obtain relief, Royster must demonstrate that the Ohio court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

## DISCUSSION

The Due Process Clause of the Fourteenth Amendment requires that the prosecution present sufficient evidence "to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense" in order to sustain a conviction. *Jackson*, 443 U.S. at 316. The reviewing court may not reassess witness credibility or reweigh the evidence in making this determination. *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). Thus, "the law commands deference at two levels in this case": (1) deference to the jury verdict under *Jackson*, and (2) deference to the state court's analysis under AEDPA. *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008).

The specific statute of conviction in this case is Ohio's child endangerment provision, which submits that no one shall "[a]dminister corporal punishment . . . which . . . is excessive under the circumstances and creates a substantial risk of serious physical harm to the child." Ohio Rev. Code Ann. § 2919.22(B)(3). "The propriety and reasonableness of corporal punishment in each case must be judged in light of the totality of the circumstances." *State v. Hart*, 673 N.E.2d 992, 995 (Ohio Ct. App. 1996). The Third, Seventh, and Ninth Districts of the Court of Appeals of Ohio have listed the following factors that may be considered when examining the circumstances surrounding corporal punishment: (1) the child's age, (2) her behavior leading up to the discipline, (3) her response to non-corporal punishment, (4) the location and severity of the punishment, and (5) the defendant's state of mind while administering the punishment. *See Bowman v. Bowman*, No. 13CA0064-M, 2014 WL 2957475, at *2 (Ohio Ct. App. June 30, 2014); *Rosa*, 6 N.E.3d at 67; *In re J.L.*, 891 N.E.2d 778, 788 (Ohio Ct. App. 2008); *Hart*, 673 N.E.2d at 995. According to Royster, the prosecution in his case failed to demonstrate that his conduct was "excessive under the circumstances" because they did not present evidence of the above-listed factors and relied "exclusively on a theory that the administration of punishment was categorically excessive."

On direct appeal, the Second District Court of Appeals determined that a reasonable juror could have assessed the excessiveness of Royster's conduct without specifically analyzing each of the factors set forth in *Bowman*, 2014 WL 2957475, at *2, and *Rosa*, 6 N.E.3d at 67. *See Royster*, 2015 WL 5173534, at *12. Indeed, Royster has cited no binding Ohio authority supporting the proposition that all of these factors must be proven by the prosecution in every child endangerment case. We, therefore, defer to the Ohio court's reasonable conclusion that a rational juror could find Royster's punishment of J.J. excessive under the circumstances demonstrated at trial. *See*

*Renico*, 559 U.S. at 773 (explaining the "highly deferential standard for evaluating state-court rulings" under AEDPA).

Royster heavily relies upon *In re J.L.*, in which the Third District Court of Appeals found that it could not "say, as a matter of law, that the punishment was excessive when viewed in the totality of the circumstances." 891 N.E.2d at 790. In that case, the trial court found the defendant guilty of endangering a 35-month-old child by whipping him with a belt. *Id.* at 786–87. The reviewing court stated that, although "striking a child with a belt on back of the legs support[ed] a finding that the punishment was excessive," *id.* at 790, "the location and severity of the physical punishment . . . is only one factor that the court must consider when determining if the punishment was excessive under the circumstances," *id.* at 789–90. Thus, "corporal punishment on parts of the body other than the buttocks may be proper and reasonable" under certain circumstances. *Id.* at 790. But simply because another district of the Court of Appeals of Ohio *might* have reached a different conclusion in Royster's case does not make the Second District's decision at issue an unreasonable application of *Jackson*.

Royster also contends that the Ohio Court of Appeals upheld the jury verdict "based on the single fact that Royster was not J.J.'s parent." This assertion mischaracterizes the Ohio court's decision. Although the court noted this factor in distinguishing Royster's case from *Rosa*, 6 N.E.3d 57, it reviewed each of Royster's arguments in detail and concluded "that a rational finder of fact could have found the essential elements of endangering children proven beyond a reasonable doubt." *Royster*, 2015 WL 5173534, at *12. The evidence at trial was certainly scant, but we cannot conclude that no "fairminded jurists" could agree with the state court's decision. *See Harrington*, 562 U.S. at 101-02.

"[U]nder the strict standards applied to habeas petitions, we cannot ignore the principles of federalism that undergird deference to the state court's findings." *Tucker*, 541 F.3d at 661. Because the Ohio Court of Appeals did not unreasonably apply clearly established federal law, *see Jackson*, 443 U.S. at 318, the district court properly denied Royster's habeas petition.

**AFFIRMED**.