[Cite as *State v. Bell*, 2014-Ohio-663.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2013 CA 00110 |
| VICTOR BELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2013 CR 0094


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      February 24, 2014


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JOHN D. FERRERO                        EARLE E. WISE, JR.
PROSECUTING ATTORNEY                   122 Central Plaza North
RENEE M. WATSON                        Canton, Ohio  44702
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1}. Defendant-Appellant Victor Bell appeals from his conviction, in the Stark County Court of Common Pleas, on one count of attempt to commit sexual battery. The relevant facts leading to this appeal are as follows.

{¶2}. The male child victim in this matter was, at the pertinent time frame, seven years old. In late March 2012, the four-year-old sister of the victim reported to her mother that the victim had tried to put his penis in her mouth. The victim, the great-nephew of appellant, was thereupon asked by his concerned mother if someone had previously done something like this to him. The victim first told her that a classmate had pulled his pants down during a time they were on the playground. During this conversation, the victim's father entered the room and asked the child "did your uncle do something to you?" The victim replied in the affirmative, and the parents thereupon contacted the North Canton Police Department.

{¶3}. An investigation ensued, as further discussed infra. Among other things, law enforcement officials learned that appellant would sometimes drink to the point of "blacking out" and having no recollection of what happened. Appellant told an interviewing officer that what the child victim reported could have happened during one of his blackouts. *See* Tr. at 201.

{¶4}. In January 2013, the Stark County Grand Jury indicted appellant on one count of attempted sexual battery, R.C 2923.02(A) and R.C. 2907.03(A)(5). Appellant pled not guilty and invoked his right to a trial by jury. Prior to trial, the court held a hearing on the admissibility of a taped forensic interview with the child victim. Appellant stipulated to admissibility of the contents of the DVD, with the exception of a portion of

the full transcript of the interview (pages 20-23). The trial court permitted portions of the interview to be played to the jury. *See* Tr. at 6-17. Appellant also stipulated via defense counsel that certain hearsay statements made by the victim's mother would not be cause for objection, for the reason that they would tend to show that appellant was not immediately named as the perpetrator by the victim. *See* Tr. at 18-20.

{¶5}. Appellant called no witnesses during the defense phase of the trial. The jury returned a verdict against appellant as guilty as charged.

{¶6}. Following a sentencing hearing, appellant was sentenced to thirty-six months in prison and was classified as a Tier III offender.

{¶7}. Appellant herein raises the following two Assignments of Error:

{¶8}. "I. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT OF CONFRONTATION AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY IMPROPERLY ADMITTING HEARSAY STATEMENTS OF THE ALLEGED VICTIM. FURTHER BY ADMITTING THESE HEARSAY STATEMENTS THE COURT ERRED BY ALLOWING REPETAVE (SIC) AND CUMULATIVE EVIDENCE WHICH HAD THE PREJUDICAL (SIC) EFFECT OF DENYING APPELLANT HIS RIGHT TO A FAIR TRIAL.

{¶9}. "II. THE EVIDENCE PRESENTED AT TRIAL IS INSUFFICIENT TO SUSTAIN THE CONVICTIONS AND THE VERDICTS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIENCE (SIC)."

I.

{¶10}. In his First Assignment of Error, appellant contends his right to confront witnesses under the Sixth and Fourteenth Amendments was violated at trial. We disagree.

{¶11}. The Confrontation Clause of the Sixth Amendment to the U.S. Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." In *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, the United States Supreme Court held that testimonial statements of a witness who does not appear at trial may not be admitted or used against a criminal defendant unless the declarant is unavailable to testify, and the defendant has had a prior opportunity for cross-examination.

{¶12}. We first note that in *State v. Arnold,* 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, the Ohio Supreme Court applied the "primary purpose" test, in a case involving victim statements made to a social worker at a child-advocacy center. The Supreme Court concluded that statements made primarily for forensic or investigative purposes are testimonial and thus inadmissible under the Confrontation Clause when the declarant is unavailable; but statements made for diagnosis and treatment are nontestimonial and thus admissible without offending the confrontation clause. *Id.* at paragraphs one and two of the syllabus. We further note the record in the case sub judice reflects that only portions of the interview with the child victim were played for the jury, and the trial court limited the purpose for which the jury could use the information. *See* Tr. at 231-232, 240.

{¶13}. Nonetheless, it is well-established that the Confrontation Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it. *See State v. Siler,* Ashland App.No. 02 COA 028, 2005-Ohio-6591, ¶ 51, quoting *State v. Marbury,* Montgomery App.No. 19226, 2004-Ohio-1817, ¶ 38, citing *Crawford* at 59, f.n. 9. In the case sub judice, it is undisputed that the child victim, age eight by the time of trial, took the stand and testified. We therefore find no Confrontation Clause violation under the circumstances of the case sub judice. We further find no merit in appellant's claim of cumulative error regarding the victim's statements.

{¶14}. Accordingly, appellant's First Assignment of Error is overruled.

II.

{¶15}. In his Second Assignment of Error, appellant contends his conviction for attempt to commit sexual battery was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.

{¶16}. In reviewing a claim based on the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶17}. The pertinent statute in this appeal states that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when *** [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." The term "sexual conduct" is statutorily

defined to include fellatio. *See* R.C. 2907.01(A). Furthermore, R.C. 2923.02(A) defines "attempt" as follows: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶18}. Appellant does not herein appear to raise a challenge to his status as a person in loco parentis at the time in question. We note the victim's mother testified that appellant lived with them between November 2011 and March 2012 and that he occasionally babysat and had supervisory responsibilities over the victim and his sisters during that time frame. *See* Tr. at 160-162.

{¶19}. At the trial in the case sub judice, the State presented the testimonial recollection of the victim that he had encountered appellant at the top of the stairs on an occasion when his parents were not present. As the child moved to the top of the stairs in order to get one of his stuffed toys, he observed appellant standing there with his pants around his ankles and his shirt pulled up around his head and neck area. Tr. at 140, 142-143. According to the victim, appellant "told me to wiggle his wee-wee." Tr. at 141. Appellant then told him to put his penis in his mouth. Tr. at 142. The victim remembered that the penis was "hairy." Tr. at 142. The victim then ran to the basement and hid. *See* Tr. at 139-141. The victim's account was also reiterated to the jury via the testimony of NEOBH psychology assistant Carrie Schnirring. *See* Tr. at 257 et seq. In addition, JFS forensic interviewer C.J. Taylor made a DVD of an interview she conducted with the victim, which was subsequently utilized for purposes of Nurse Practitioner Alissa Edgein's expert testimony.

{¶20}. Upon review of the trial court record in a light most favorable to the prosecution, we hold appellant's conviction for attempt to commit sexual battery was supported by sufficient evidence.

{¶21}. Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See also, State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

{¶22}. There were seven witnesses for the prosecution in the case sub judice. In addition to the aforementioned victim, his mother, and Ms. Taylor and Ms. Schnirring, the jury heard testimony from Sergeant Ronald Mizner and Detective Randy Manse of the North Canton Police Department, as well as Nurse Practitioner Alissa Edgein of Akron Children's Hospital.

{¶23}. Appellant raises a number of challenges under his manifest weight claim. He first suggests that the victim was led into making the accusation when his mother encouraged him to tell what happened even if it involved a male relative or "Uncle Victor." *See* testimony of the victim's mother at 164. Appellant also points out, as indicated in our recitation of the facts, that the victim's father interjected and asked the child "did your uncle do something to you?" *See id.* at 165. Furthermore, as appellant

correctly observes, the victim did not mention appellant demanding oral sex until specifically asked about it by the prosecutor. *See* Tr. at 142. However, as the State aptly sets forth in its response brief, appellant himself told law enforcement officials that the child would not make the accusation up because he is an "honest kid" and his father would not have put him up to making such a claim. *See* Tr. at 214.

{¶24}. Appellant also challenges the credibility of the victim's versions of events, such as his recollection that he was able to hide himself in the basement without discovery by appellant. Appellant additionally questions the mechanics of the described events on the stairs, contending that it would have been very difficult for appellant to grab the victim by the waist while the child was on lower steps, eye-level to appellant's crotch area.

{¶25}. Appellant also points to claimed inconsistencies in the victim's retelling of the events to various investigators, such as what articles of clothing had been pulled down by appellant on his person. Appellant further maintains inconsistencies existed as to the child's explanation of why he was afraid to tell his parents about what happened; at one point, the child said he feared appellant would tie him to a tree or tie him up in a closet, yet he also described a prior time of having fun when appellant would try to scare him in jest.

{¶26}. Furthermore, appellant downplays his statements during his lengthy interview with law enforcement concerning the possibility of blacking out and not remembering events. Appellant emphasizes that he nonetheless denied the allegations throughout his dealing with law enforcement officials.

{¶27}. Finally, appellant revisits his argument that hearsay testimony was improperly admitted through Edgein, Schnirring, and the victim's mother. We reiterate, however, that because the child testified and was subject to cross examination, there was no confrontation clause violation. In addition, appellant stipulated to the admission of the hearsay testimony from the mother because he felt it was useful in his defense.

{¶28}. Having considered the foregoing arguments, we are unpersuaded that the jury lost its way in assessing the evidence in this case. Even in addressing a manifest weight claim, we remain mindful that the jurors, as the firsthand triers of fact, are patently in the best position to gauge the truth. *See State v. Durbin*, 5th Dist. Holmes No. 13 CA 2, 2013-Ohio-5147, ¶ 53. Upon review, we find the jury's decision did not create a manifest miscarriage of justice requiring that appellant's conviction be reversed and a new trial ordered. We find the conviction is not against the manifest weight of the evidence.

{¶29}. Appellant's Second Assignment of Error is overruled.

{¶30}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.
Hoffman, P. J., and
Gwin, J., concur.